449 A.2d 669

**COMMONWEALTH of Pennsylvania**

v.

**Paul SHOEMAKER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 5, 1982.

Filed Aug. 13, 1982.

Petition for Allowance of Appeal
Granted Nov. 4, 1982.

Philip T. Medico, Jr., Assistant Public Defender, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, for appellee.

Before HESTER, CAVANAUGH and CIRILLO, JJ.

CIRILLO, Judge:

Appellant, Paul Shoemaker, entered pleas of guilty on September 21, 1981 to the charges of robbery [1] and attempted escape.[2] He was sentenced to incarceration at the State Correctional Institution at Camp Hill for an indefinite minimum time period up to a maximum of six years.[3] Appellant filed a petition for modification of sentence which was denied on October 7, 1981. This appeal followed.

On April 16, 1981, appellant and an accomplice entered a grocery store and demanded money from the store clerk. Appellant threatened to kill the clerk. Appellant and the accomplice then removed cash and food stamps from the cash register. On July 4, 1981, appellant attempted to escape from the Luzerne County Juvenile Detention Center. On July 20, 1981, the charges against the appellant were transferred to the criminal division of the Court of Common Pleas of Luzerne County.

1. Act of 1976, June 24, P.L. 425, No. 102, § 1; 18 Pa.C.S.A. § 3701.

2. Act of 1972, Dec. 6, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 901; *Id.*, 18 Pa.C.S.A. § 5121.

3. Act of 1953, July 29, P.L. 1447, § 1; 61 Pa.C.S.A. § 485.

Appellant alleges that: (1) the lower court erred by failing to impose a minimum sentence upon appellant,[4] and (2) the sentence is excessive because it was imposed without regard to his character or the circumstances of the offenses.

We address appellant's first contention only because we find merit in it. The sentencing code provides: "The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." 42 Pa.C.S.A. § 9756(b).[5] In regard to this first contention, our Court, in *Commonwealth v. Aeschbacher*, 276 Pa.Super. 554, 555, 557, 419 A.2d 596 (1980), held that:

> Preliminarily, however, we note that the sentence provides for a maximum term only, and not a minimum. Since the sentence appears to be illegal we have examined the issue of legality of the imposed sentence *sua sponte*, as we are permitted to do. *Commonwealth v. Betoni*, 254 Pa.Super. 26, 27–28, 385 A.2d 506, 507 (1978). We first ascertain that there is a line of cases which have held sentences similar to the ones on appeal not to be in compliance with the sentencing code and have thus remanded for resentencing... It seems to us that the better interpretation of the sentencing statutes is to *require* the fixing of a minimum sentence (even one day) as well as a maximum (emphasis supplied)... This interpretation is more in keeping with the policy of having the full sentencing responsibility lodge with the trial court and it eliminates any "construction" of sentences by appellate courts.

In *Aeschbacher*, appellant pled guilty to aggravated assault at eighteen years of age, and while he was not sentenced to a minimum term of imprisonment, he was sentenced to a maximum term of six years imprisonment at the State Correction Institution at Camp Hill.

Appellant in this case was transferred to adult status and treated as such in the criminal division of the Court of

4. We note that this issue was not raised in appellant's petition for modification of sentence.

5. Act of 1980, Oct. 5, P.L. 693, No. 142, 401(a).

Common Pleas of Luzerne County. Appellant was age seventeen at the time he pled guilty and when he was sentenced. He could have been treated as a juvenile pursuant to 42 Pa.C.S.A. § 6302 [6] (the Juvenile Act), but he was not. When a juvenile is transferred to the criminal division of the lower court, the provisions of the Juvenile Act are no longer applicable to him. 42 Pa.C.S.A. § 6355.[7] Additionally, the State Correctional Institution at Camp Hill is a proper facility only for the incarceration of adults. *In the Interest of Scott W.*, 250 Pa.Super. 226, 229, 378 A.2d 909, 910 (1977). ". . . After a juvenile has been certified for trial as an adult, he must be treated as an adult and accorded the rights thereof." (citation omitted) *Commonwealth v. Bane*, 272 Pa.Super. 160, 162, 414 A.2d 1056 (1979).

In conclusion, as in *Aeschbacher*, we believe that the lower court should have sentenced the appellant to both a minimum and maximum term of incarceration in accordance with the sentencing code; and in light of the facts that he was treated as an adult and sentenced to an adult facility.

Judgment of sentence vacated and the case is remanded for resentencing.

---

6. Act of 1978, April 28, P.L. 202, No. 53, 22.

7. Act of 1978, April 28, P.L. 202, No. 53, 30.