457 A.2d 1310

**COMMONWEALTH of Pennsylvania**

**v.**

**Ivy CRAIG, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 5, 1982.

Filed March 25, 1983.

Sara M. Webster, Assistant Public Defender, Doylestown, for appellant.

Dianne McMonagle Devlin, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

CAVANAUGH, Judge:

Appellant, age 19, pleaded guilty on August 18, 1980, to robbery,[1] aggravated assault,[2] recklessly endangering another person,[3] conspiracy,[4] and violating the Uniform Firearms Act.[5] He was thereafter sentenced to eight months to six years imprisonment at the State Correctional Institution at Camp Hill. After a hearing on appellant's petition for reconsideration of sentence, at which defense counsel stated that Camp Hill would not accept appellant with a minimum sentence, the sentence was modified to a term of imprisonment not to exceed six years. In modifying appellant's sentence, the court specifically indicated that it was doing so in order for appellant to be placed at Camp Hill. *See* 61 P.S. § 485. This appeal from the court's modified sentence followed.

The sole issue in this appeal is whether the modification of appellant's sentence, eliminating the eight months minimum, represents an increase in sentence, thereby violating the double jeopardy clause. Appellant argues, *inter alia,* that the sentence is unlawful[6] because it fails to set forth a minimum term of imprisonment.[7]

1.  18 Pa.C.S.A. § 3701.

2.  18 Pa.C.S.A. § 2702.

3.  18 Pa.C.S.A. § 2705.

4.  18 Pa.C.S.A. § 903.

5.  18 Pa.C.S.A. § 6101 *et seq.*

6.  Since illegality of sentence is a non-waivable issue, which we can raise *sua sponte, Commonwealth v. Roach,* 307 Pa.Super. 506, 453 A.2d 1001 (1982); *Commonwealth v. Gilliam,* 302 Pa.Super. 50, 448 A.2d 89 (1982); *Commonwealth v. Betoni,* 254 Pa.Super. 26, 385 A.2d 506 (1978), we reject the Commonwealth's argument that appellant's claim has been waived.

7.  18 Pa.C.S.A. § 1356(b); later re-enacted in 42 Pa.C.S.A. § 9756(b). *See now* 204 Pa.Code § 303.1 *et seq.*

This case is factually indistinguishable from *Commonwealth v. Aeschbacher*, 276 Pa.Super. 554, 419 A.2d 596 (1980), where we found illegal a sentence imposing only a maximum term of imprisonment. In so doing, we held that sentencing is governed exclusively by the then applicable Sentencing Code which stated in pertinent part:

MININUM SENTENCE—The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed. 18 Pa.C.S.A. § 1356(b).

By interpreting the sentencing statute to require the fixing of a minimum, as well as a maximum, sentence, we specifically disavowed earlier cases which presumed a one day minimum on a flat sentence, i.e., a sentence with a maximum term only. As we stated: "This interpretation is more in keeping with the policy of having the full sentencing responsibility lodge with the trial court and it eliminates any 'construction' of sentences by appellate courts." *Id.*, 276 Pa.Super. at 557, 419 A.2d at 598. Accordingly, we vacated the judgment of sentence and remanded the case for resentencing. A similar result, based on *Aeschbacher*, was recently reached by this court in *Commonwealth v. Shoemaker*, 303 Pa.Super. 242, 449 A.2d 669 (1982) (allocatur granted).[8]

**8.** The Pennsylvania Supreme Court granted allocatur in Shoemaker on November 4, 1982 and, as of the filing of this opinion, has not rendered its decision. In the interest of promptly disposing of this case, we have opted to follow Aeschbacher and Shoemaker instead of awaiting the Supreme Court's review of Shoemaker. We are hopeful, however, that the Supreme Court will resolve the apparent conflict between the Sentencing Code, requiring a definite maximum and minimum sentence, and 61 P.S. § 485, which requires an indeterminate sentence for offenders to be confined at Camp Hill. (*But see* 61 P.S. § 486 providing for modification of sentence in the event a definite term is inadvertently fixed). *See* generally discussion of 61 P.S. § 485 in *Commonwealth ex rel. Feflie v. Attorney General*, 29 Pa.Commw. 473, 371 A.2d 555 (1977). Since the issue was not squarely raised in this appeal, we decline to address it at this juncture.

536

Those cases are controlling and dispose of the issue before us.

Judgment of sentence vacated and case remanded for resentencing, without prejudice to appellant's right to raise a double jeopardy claim in any appeal from a new sentence. Jurisdiction is relinquished.

We note, however, that in *Commonwealth v. Townsend*, 497 Pa. 604, 443 A.2d 1139 (1982), citing 61 P.S. § 461 *et seq.* (persons who may be confined at Camp Hill) the Supreme Court affirmed a judgment of sentence of five to fifteen years imprisonment where the Court expressed its desire that the sentence be served at Camp Hill. In that case, the court applied the Sentencing Code in reviewing of defendant's excessiveness of sentence claim, thereby implying that the Code is applicable even in cases involving confinement at Camp Hill.

On the other hand, this court in *Commonwealth v. Parker*, 277 Pa.Super. 234, 419 A.2d 748 (1980), did not consider the applicability of the Sentencing Code to a sentence imposed under 61 P.S. § 485. In Parker, defendant was sentenced to a term of imprisonment not to exceed three years. When told that Camp Hill would not accept defendant, the court, without notifying defendant, modified the sentence to provide for an indeterminate term as required under 61 P.S. § 485. We vacated the judgment of sentence, holding that the court acted improperly in modifying the sentence without notifying defendant. We also vacated the court's original sentence because it would not serve the court's purpose of confining defendant at Camp Hill.