481 A.2d 1365

COMMONWEALTH of Pennsylvania

v.

Robert L. SMITH, Appellant.

COMMONWEALTH of Pennsylvania

v.

Michael BARNES, Appellant.

Superior Court of Pennsylvania.

Submitted June 8, 1984.

Filed Sept. 21, 1984.

Patrick J. Flannery, Assistant Public Defender, Kingston, for appellants.

Joseph Giebus, Assistant District Attorney, Wilkes Barre, for Com., appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

TAMILIA, Judge:

This is an appeal from judgment of sentence entered against appellant, Michael Barnes, in the Court of Common Pleas of Luzerne County pursuant to his negotiated plea of guilty to a charge of criminal conspiracy to commit robbery. Appellant was sentenced to a term of imprisonment of two years and one month to four years and two months. This appeal followed.

Co-defendant Robert L. Smith entered a negotiated plea of guilty to charges of robbery, criminal conspiracy, simple assault, and criminal mischief. He was sentenced to eighteen to thirty-six months imprisonment followed by seven years probation and on appeal raises issues duplicative of those contained in appellant Barnes' appeal.

The issues raised relate to the court's use of appellants' juvenile records in fashioning their sentences and are of first impression in relation to the Sentencing Guidelines.

■ It is first alleged that because the court made no record findings of the nature of juvenile adjudications factored into the Sentencing Guidelines and noted on the forms used to calculate sentences, or of appellants' ages at the time of their commission, the requirements of the Guidelines were not met.

Title 204 Pa.Code § 303.7(b)(1)(ii) as reported in 42 Pa.C. S.A. § 9721 states that:

(1) The offenses scored in this section are as follows: (ii) All prior juvenile adjudications of delinquency where there was an express finding that the adjudication was based on the commission of a felony or one of the weapons misdemeanors listed in subsection (a)(3) where the adjudication occurred on or after the defendant's 14th birthday.

The clear legislative intent refers not to the record of sentencing as appellants seem to argue, but to the record of juvenile adjudications, which in the instant cases appear in the presentence reports from which the information on the Guidelines forms is abstracted. Since trial counsel did not object to the data contained in the presentence report or allege any discrepancies therein nor in fact was the propriety of the sentences questioned, we find no merit to their contention.

■ Appellants next question the consideration of their (or any) juvenile records in sentencing, citing *In the Interest of Leonardo,* 291 Pa.Super. 644, 436 A.2d 685 (1981) for the proposition that since the purpose of juvenile proceedings is to seek treatment, reformation and rehabilitation rather than to punish, such adjudications should not be regarded as criminal acts for the purpose of sentencing.

The intention of the Legislature is clear in its adoption of the policy which not only allows but requires examination of a defendant's juvenile record in fashioning appropriate sentences.

The Juvenile Act itself, 42 Pa.C.S.A. § 6354(b)(1), carves out an exception to the use of the juvenile's record in a

subsequent adult proceeding, stating such records may be used:

(1) in dispositional proceedings after conviction of a felony for the purpose of a presentence investigation and report;

*Commonwealth v. Allen,* 287 Pa.Super. 88, 429 A.2d 1113 (1981).

■ It is clearly the intent of the Legislature that a child who continues his pattern of serious and violent anti-social activity into adulthood, should not receive the benefit of a cloak of immunity regarding that behavior, when it is relevant to predicting future behavior and the public safety is at risk.

Until and unless the mandate to utilize juvenile records as a sentencing aid is legislatively reversed, it remains incumbent upon the sentencing courts to obey it.

Judgment of sentence affirmed.