544 A.2d 991

**COMMONWEALTH of Pennsylvania**

v.

**Glenn SMITH, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 17, 1988.

Filed July 5, 1988.

**2.** In light of our determination, there is no need for this Court to decide appellee's cross appeal.

Leonard Sosnov, Assistant Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Assistant District Attorney, Philadelphia, for Com., appellee.

Before BROSKY, WIEAND, MCEWEN, OLSZEWSKI, BECK, TAMILIA, KELLY, POPOVICH and JOHNSON, JJ.

BECK, Judge:

This is an appeal by Glenn Smith from a judgment of sentence imposed on February 3, 1987 by the Court of Common Pleas of Philadelphia County. This case involves an alleged conflict between the sentencing provisions of the Youth Offenders Act (which was repealed by the Pennsylvania legislature effective February 9, 1987)[1] and the 1982 Sentencing Guidelines (which were invalidated by the Pennsylvania Supreme Court in a decision filed on October 7,

---

1. Youth Offenders Act, Act of April 28, 1887, P.L. 63, § 6, as amended, Pa.Stat.Ann. tit. 61 §§ 483–495 (Purdon 1964), *repealed by* Act of Dec. 11, 1986, P.L. 1521, No. 165, § 10, effective in 60 days.

1987).[2]  We find that the trial judge did not err when he first calculated the sentence that appellant would receive under the 1982 Sentencing Guidelines and then departed from the guidelines and sentenced appellant in accordance with the Youthful Offenders Act.  We therefore affirm the judgment of sentence.

On June 1, 1986, appellant Smith approached a woman who was walking on Wyoming Avenue in Philadelphia and forced her to hand over her money.  He was apprehended by the police, and on October 3, 1986, he pleaded guilty to robbery as a felony of the second degree.  A sentencing hearing was then scheduled for February 3, 1987 before the Honorable Bernard J. Avellino.

At the sentencing hearing, the trial judge heard argument on the correct application of the 1982 Sentencing Guidelines to appellant's case.  Both defense counsel and the Commonwealth agreed that under the guidelines the offense gravity score for Smith's crime was "5".  However, the parties disagreed on the value which should be assigned for Smith's prior record score.  The Commonwealth maintained that Smith had a prior record score of "4" since he had been adjudicated delinquent for committing two robberies as a juvenile.  Defense counsel insisted that juvenile adjudications could not be counted in determining the prior record score, and that therefore Smith had a prior record score of "0".

2.  The 1982 Sentencing Guidelines, 204 Pa.Code ch. 303, were invalidated by the Pennsylvania Supreme Court in *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987).  In *Commonwealth v. Sanchez*, 372 Pa.Super. 369, 539 A.2d 840 (1988), an en banc panel of this court recently held that the *Sessoms* Court's invalidation of the guidelines applies retroactively only to cases in which a constitutional challenge to the guidelines has been properly preserved at all stages of adjudication up to and including any direct appeal.  *Id.*, 372 Pa.Super. at 373 n. 7, 539 A.2d at 842 n. 7.  No constitutional challenge of any kind was preserved in the instant case.

We note that a new set of sentencing guidelines was recently promulgated by the Pennsylvania Commission on Sentencing.  *See* 17 Pennsylvania Bulletin 5012 (Dec. 5, 1987).  These new guidelines apply only to sentencing for offenses committed after April 25, 1988.

The trial judge accepted the Commonwealth's view that Smith should be assigned an offense gravity score of "5" and a prior record score of "4". He then addressed the defendant on the record:

> [T]here are a number of factors I have to consider before I sentence anyone.
>
> I have to consider the sentencing guidelines.
>
> The sentencing guidelines alone for you say that the minimum range, the minimum range of confinement, that is not the aggravated nor mitigated, the minimum range I ought to put you in jail for [is] at least eighteen to twenty seven months.

N.T. at 16.[3]

Upon further reflection, however, the trial judge decided that the minimum sentencing range suggested by the guidelines was not appropriate. The judge reviewed the presentencing report which stressed that Smith would benefit from "... a firm consistent program of reward and punishment in a very structured and controlled setting." N.T. at 17. In light of this recommendation, the judge concluded that the rehabilitative needs of the defendant could best be met if he were confined in the state facility for youthful offenders at Camp Hill. At the time of sentencing, the Youth Offenders Act provided that in order to be eligible to be sent to Camp Hill, a defendant must receive a prison sentence which does not specify a minimum term of confinement.[4] Accordingly, the trial court deviated from the guide-

---

3. For an offense gravity score of "5" and a prior offense score of "4", the guidelines specify a minimum range of 18–27 months confinement, an aggravated minimum range of 27–34 months confinement, and a mitigated minimum range of 14–18 months confinement. *See* 204 Pa.Code § 303.9. The assistant district attorney stated the length of all three ranges on the record at the beginning of the sentencing hearing. N.T. at 4.

4. The Youth Offenders Act provides in part:

> Any person, who shall be convicted of an offense punishable by imprisonment at the [State Correctional Institution] at Camp Hill and who, upon such conviction shall be sentenced to imprisonment therein, shall be imprisoned according to this act and not otherwise.
>
> The courts, in sentencing to [Camp Hill], shall not fix or limit the duration of sentence, but the time which any such person shall

lines and imposed a sentence to be served at Camp Hill with no minimum limit and with a maximum limit of six years imprisonment.

Appellant filed a timely motion to modify sentence in which he argued that the trial court had miscalculated his prior record score by adding points for his juvenile adjudications. This motion was denied on February 9, 1987—the same day on which the repeal of the Youth Offenders Act went into effect.

Appellant then filed a timely notice of appeal with this court. In his appellate brief, appellant again argued that the trial court had erred by taking his juvenile adjudications into account. After initial consideration by a three judge panel of the court, this case was certified for en banc review. Following reargument before the court en banc, appellant and the Commonwealth were granted leave to file supplemental briefs addressing the legality of a prison sentence without a minimum term of incarceration.

In its present posture, this case presents two questions for review. First, did the trial judge have authority to impose a prison sentence with no minimum term after initially considering the minimum sentence recommended by the guidelines? Second, did the trial judge properly consider appellant's juvenile adjudications when computing the minimum sentence recommended by the guidelines? We conclude that appellant is not entitled to a new sentencing hearing.

> serve in [Camp Hill] or on parole shall not in any case exceed six years or the maximum term provided by law for the crime for which the prisoner was convicted and sentenced if such maximum be less than six years. The term of imprisonment may be terminated by the Pennsylvania Board of Parole in accordance with its rules and regulations formally adopted.
> Pa.Stat.Ann. tit. 61, §§ 484, 485 (Purdon 1964) (footnotes omitted). *See also Commonwealth v. Ohlinger,* 337 Pa.Super. 437, 487 A.2d 25 (1985) (interpreting statute).

## I.

Appellant asserts that the trial judge erred by failing to provide for a minimum sentence. His principal argument may be summarized as follows.

Appellant was sentenced under the Youth Offenders Act which prohibits the imposition of a minimum sentence. *See* 61 Pa.Stat.Ann. §§ 484, 485 (cited at n. 4, *supra*). However, appellant's case is controlled by the 1982 Sentencing Guidelines. Appellant pleaded guilty to committing a crime on June 1, 1986; the 1982 Sentencing Guidelines took effect on July 22, 1982 and applied to all crimes committed on or after that date. 204 Pa. Code § 303.1(d). Therefore, the judge was obliged to follow the 1982 Sentencing Guidelines when determining appellant's punishment.

The guidelines established ranges of minimum sentences for criminal offenses. *See* 204 Pa. Code § 303.9(a) ("All guideline sentence ranges are months of minimum confinement ..."). The Youth Offenders Act, which prohibits a minimum sentence, and the 1982 Sentencing Guidelines, which authorize a minimum sentence, are in conflict. In order to resolve this conflict, the trial court should simply have followed the guidelines—the more recently adopted of the two competing sentencing schemes.[5] Thus, the 1982 Sentencing Guidelines displaced the Youth Offenders Act, and the special indeterminate sentence[6] provided by the Youth Offenders Act was not a valid sentencing alternative.

## A.

We find that the argument outlined above is not meritorious. However, before reaching the merits of appellant's claim, a few words about appealability and waiver are in order.

---

**5.** The Youth Offenders Act was passed in 1887, and was amended in part in 1951 and 1953. The 1982 Sentencing Guidelines were promulgated in 1982 by a commission established by the legislature in 1980.

**6.** We use the words "indeterminate sentence" to describe a sentence without a definite minimum term of confinement.

■ As in all sentencing cases, we must determine at the outset whether the appellant's issue concerns a discretionary aspect of sentence or the legality of his sentence. There are two significant distinctions between appellate treatment of legality claims and discretionary claims. First, a challenge to the legality of a sentence may be appealed as of right. 42 Pa.Cons.Stat.Ann. § 9781(a) (Purdon 1982). A challenge to a discretionary aspect of a sentence is not allowed unless there is the appearance of a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.Cons.Stat.Ann. § 9781(b); *see Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Second, a challenge to the legality of a sentence can never be waived. *Commonwealth v. Wallace*, 368 Pa.Super. 255, 533 A.2d 1051 (1987). A challenge to a discretionary aspect of sentence may be waived if it is not properly raised in the trial court and in the appellant's brief to this court. *See Tuladziecki, supra; Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987) (en banc).

■ We find that appellant's first issue implicates the legality of his sentence. A legality issue is essentially a claim that the trial court did not have jurisdiction to impose the sentence which it handed down. *Commonwealth v. Hartz*, 367 Pa.Super. 267, 279, 532 A.2d 1139, 1145 (1987) (en banc) (Cirillo, P.J., concurring); *Commonwealth v. Tolassi*, 303 Pa.Super. 177, 449 A.2d 636 (1982); *see Commonwealth v. Wallace, supra.* Where a trial court does not have jurisdiction, its sentencing decision is automatically subject to appellate review because the court by imposing sentence exceeded the limits of its authority.

A trial court ordinarily has jurisdiction to impose any sentence which is within the range of punishments which the legislature has authorized for the defendant's crime. Appellant concedes that the General Assembly authorized indeterminate sentences for individuals in the appellant's position when it approved the Youth Offenders Act. However, appellant maintains that the General Assembly later revoked this authorization and implicitly prohibited indeter-

minate sentences by passing legislation which created a sentencing commission and charged that commission with the task of developing sentencing guidelines. *See* 42 Pa. Cons.Stat.Ann. §§ 2151–2155 (Purdon 1981 & Supp. 1987). Assuming that appellant were correct, and the later action by the legislature authorizing the guidelines implicitly repealed the indeterminate sentencing provision of the Youth Offenders Act, then the trial judge would not have had the power to impose an indeterminate sentence under the Youth Offenders Act. Appellant's argument calls into question the jurisdiction of the trial court.

■ At the heart of the present case is a dispute over whether the sentence which appellant Smith received was in fact legislatively permitted. Thus, appellant's argument must be viewed as an attack on the legality of his sentence which is appealable as of right and which cannot be waived. *Cf. Commonwealth v. Craig,* 311 Pa.Super. 533, 534 n. 6, 457 A.2d 1310, 1311 n. 6 (1983) (claim that Sentencing Code prohibits indeterminate sentence not subject to waiver); *Commonwealth v. Shoemaker,* 303 Pa.Super. 242 n. 4, 449 A.2d 669 n. 4 (1982), *rev'd on other grounds,* 502 Pa. 573, 467 A.2d 819 (1983) (same). We therefore conclude that appellant's first issue is suitable for appellate review.

### B.

Appellant insists that the Youth Offenders Act and the 1982 Sentencing Guidelines are in conflict, and that a trial court must sentence under the guidelines. We cannot accept this argument because we find that the Act and the guidelines may be easily reconciled.

The scope and effect of sentencing guidelines are controlled by sections 2154 and 9721 of title 42 of the Pennsylvania Consolidated Statutes. Section 2154 provides in part:

> The [Pennsylvania Commission on Sentencing] shall adopt guidelines for sentencing within the limits established by law which shall be considered by the sentencing court in determining the appropriate sentence for felonies and misdemeanors committed by a defendant.

42 Pa.Cons.Stat.Ann. § 2154 (Purdon 1981 & Supp. 1987). Pursuant to its authority under 2154, the Commission adopted section 303.1(d) of the guidelines which states: "This chapter shall take effect on July 22, 1982, and apply to all offenses committed after that date."

As for the practical effect of the guidelines, section 9721(b) provides in part:

The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing and taking effect pursuant to section 2155 (relating to publication of guidelines for sentencing). In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. In every case where the court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing pursuant to section 2154 (relating to adoption of guidelines for sentencing) and made effective pursuant to section 2155, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and resentencing the defendant.

42 Pa.Cons.Stat.Ann. § 9721(b) (Purdon 1982).

Sections 2154 and 9721(b) are broad general provisions; they were designed to establish proper procedures for sentencing all defendants who committed a felony or misdemeanor after July 22, 1982. On the other hand, the scope of the Youth Offenders Act was considerably narrower. Section 483 of the Act provides:

Any court in this Commonwealth exercising criminal jurisdiction, in lieu of sentence now provided by law, may sentence to the [State Correctional Institution] at Camp Hill *any male criminal, between the ages of fifteen and twenty-one years and not known to have been previously sentenced to a State penitentiary in this or any other state or country.* The board of trustees of said

institution shall receive and take into [Camp Hill] all male prisoners, of the class aforesaid, who shall be legally sentenced on conviction as aforesaid: *Provided, however, That such court shall not sentence to said school any person convicted of first or second degree murder or any other crime where the penalty is fixed at life imprisonment.*

Pa.Stat.Ann. tit. 61, § 483 (footnote omitted) (emphasis added). It is thus clear that the Act was a specialized statute which related exclusively to a subcategory of defendants whose rehabilitative needs, it was believed, could best be met by incarceration at the Camp Hill facility.

We deal in this case with an apparent clash between general statutory provisions, sections 2154 and 9721(b) of title 42, and a special statutory provision, section 483 of title 61. Under these circumstances, we must consult section 1933 of the Statutory Construction Act in order to ascertain the intent of the legislature. Section 1933 provides in part:

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both.

1 Pa.Cons.Stat.Ann. § 1933 (Purdon Supp. 1987) (emphasis added). *See also Appeal of Yerger*, 460 Pa. 537, 333 A.2d 902 (1975) (in absence of manifestly contrary intention of legislature, two apparently conflicting statutes must be construed so that both are allowed to operate); *Pekular v. Eich*, 355 Pa.Super. 276, 288, 513 A.2d 427, 433 (1986). In accordance with this principle, we shall construe the statutes at issue so that effect may be given to each. This may be accomplished by viewing this legislation in the following manner.

Sections 2154 and 9721(b) require the trial judge to *consider* sentencing the defendant within the minimum range specified by the sentencing guidelines. Yet, the judge was not bound to announce a judgment of sentence within the guideline range. As long as the judge had weighed the merits of imposing the guidelines sentence, he

was free to choose the option provided by section 483 of the Youth Offenders Act prior to its repeal; he could send an eligible defendant to Camp Hill without specifying a minimum period of confinement. The judge's only remaining obligation was to supply a statement, pursuant to section 9721(b), of the reason why he had deviated from the guidelines and sentenced under the Youth Offenders Act.

This interpretation is consistent with the Pennsylvania Supreme Court's commentary on the guidelines in *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987). *Sessoms* invalidated the 1982 Sentencing Guidelines. *See* n. 2, *supra*. The *Sessoms* Court also emphasized that even before the invalidation of the guidelines, trial courts retained broad discretionary sentencing powers. The majority opinion states:

> [T]he court has no "duty" to impose a sentence considered appropriate by the [Pennsylvania Commission on Sentencing]. The guidelines must only be "considered" and, to ensure that such consideration is more than mere fluff, the court must explain its reasons for departure from them.... We may say that in directing courts to consider these guidelines, just as they must consider a number of listed though non-exclusive factors in imposing probation, the legislature has done no more than direct that the courts take notice of the Commission's work.

516 Pa. at 377, 532 A.2d at 781.

In light of this language in *Sessoms*, we cannot view the 1982 Sentencing Guidelines as having divested the trial court of its sentencing authority under the Youth Offenders Act. Between the time that the guidelines were promulgated and the Act was repealed, the Act remained a valid sentencing alternative. A judge could fulfill his responsibilities under both the guidelines and the Act by: 1) considering the minimum sentence range suggested by the guidelines; 2) stating on the record his reasons for deviating from the guidelines and applying the Act; and 3) imposing a sentence without a minimum term of confinement. Indeed,

that is precisely what the trial court did in the case sub judice.

█ We find that the trial court did not exceed the limits of its power by failing to give the appellant a minimum sentence. Accordingly, we conclude that appellant's judgment of sentence is not illegal.[7]

## C.

This case is not the first in which an appellant has asserted that a sentence without a minimum term of confinement is invalid. In *Commonwealth v. Shoemaker*, 502 Pa. 573, 467 A.2d 819 (1983), the Pennsylvania Supreme Court previously upheld the legality of an indeterminate sentence imposed under the Youth Offenders Act. In this subsection, we will discuss similarities and differences between *Shoemaker* and the case sub judice.

In *Shoemaker*, the defendant based his challenge to the Youth Offenders Act on section 9756(b) of the Sentencing Code rather than on the guidelines. Section 9756(b) states that the court "shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed". This section is not satisfied unless the trial court actually specifies a definite minimum length for the defendant's prison sentence. *Commonwealth v. Baughman*, 333 Pa.Super. 458, 482 A.2d 658 (1984); *Commonwealth v. Craig*, 311 Pa.Super. at 534, 457 A.2d at 1311; *Commonwealth v. Aeschbacher*, 276 Pa.Super. 554, 419 A.2d 596 (1980). A panel of the Superior Court vacated Shoemaker's sentence on the ground that the trial court had violated section 9756(b). In a brief per curiam opinion, the Supreme court reversed. The Court simply noted that:

**7.** Appellant also claims that his sentence under the Youth Offenders Act was illegal because the trial court denied his motion to modify sentence on February 9, 1987—the very day on which the legislature's repeal of the Act took effect. *See* n. 1, *supra.* However, at the time of appellant's February 3rd sentencing hearing, the Act was still good law. Since the trial judge's initial decision to sentence under the Act was entirely proper, the judge was not obliged to grant the motion to modify sentence.

The record establishes that appellee, who was seventeen years old at the time of sentencing, was sentenced pursuant to the "Youth Offenders Act," ... which specifically prohibits the imposition of a minimum period of incarceration. As 42 Pa.C.S. § 9756(b) thus did not apply to the sentencing proceeding in this case, the order of the Superior Court must be vacated.

502 Pa. at 574, 467 A.2d at 820 (citation omitted).

Although the Court did not elaborate on the reason why the Youth Offenders Act took precedence over section 9756(b) of the Code, the result in *Shoemaker* is consistent with the analysis employed in this opinion. As in the instant case, *Shoemaker* involved a clash between a general provision of a sentencing statute, section 9756(b), and a special sentencing statute, the Youth Offenders Act. Therefore, *Shoemaker* implicated section 1933 of the Statutory Construction Act. The full text of section 1933 is as follows:

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict, between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

*Shoemaker* differs from the case sub judice in that, in *Shoemaker*, it was not possible to give effect to both the Youth Offenders Act and another sentencing law. As we have noted, a judge may give effect to both the guidelines and the Youth Offenders Act by *considering* the guidelines' minimum range and then sentencing under the Act. Therefore, the instant case does not present an irreconcilable conflict. On the other hand, the Youth Offenders Act is in direct conflict with section 9756(b) of the Code: the Youth Offenders Act allows the court to impose no minimum

sentence; section 9756(b) directs the court actually to impose a minimum sentence. Thus, an irreconcilable conflict was present in *Shoemaker*, and it was necessary to choose between applying the Youth Offenders Act and applying section 9756(b), the general sentencing provision.

■ Under section 1933 of the Statutory Construction Act, where an irreconcilable conflict exists, a special provision of a statute will prevail over a general provision of a statute unless: 1) the general provision was subsequently enacted, and 2) the legislature had clearly indicated that the general provision should be given priority. Although section 9756(b) was enacted long after the Youth Offenders Act[8], the legislature did not clearly indicate that the former should be given priority. Thus, as the Court ruled, the trial judge in *Shoemaker* did not err by sentencing under the Youth Offenders Act.

Finally, we note that both the instant case and *Shoemaker* are consistent with this court's decision in *Commonwealth v. Williams*, 353 Pa.Super. 312, 509 A.2d 1292 (1986). In *Williams*, the defendant was convicted of armed robbery and sentenced to an indeterminate term under the Youth Offenders Act. The Commonwealth appealed, and this court reversed, on the ground that the trial court should have applied section 9712 of the Sentencing Code.

Section 9712 provides in part:

Any person who is convicted in any court of this Commonwealth of ... robbery ... shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum term of at least five years total confinement *notwithstanding any other provision of this title or other statute to the contrary.*

42 Pa.Cons.Stat.Ann. § 9712 (Purdon 1982). Unlike the statutory provisions at issue in *Shoemaker* and in the

---

**8.** The text of section 9756(b) was enacted in 1974 and was transferred from title 18 of the Pennsylvania Consolidated Statutes to title 42 of the Pennsylvania Consolidated Statutes in 1980. *See* Act of Dec. 30, 1974, P.L. 1052, No. 345, § 1; Act of Oct. 5, 1980, P.L. 693, § 401(a). The Youth Offenders Act was enacted during the nineteenth century. *See*, n. 1, *supra.*

instant case, the plain text of section 9712 clearly indicates that the legislature intended to limit the application of prior sentencing statutes, such as the Youth Offenders Act. Thus, the *Williams* court was correct in vacating the judgment of sentence under the Act and remanding for imposition of a minimum sentence.

In summary, *Shoemaker* and *Williams* are consistent with the conclusion that the trial court in the case sub judice had authority to sentence appellant under the Youthful Offenders Act. Therefore, appellant's first allegation of error is without merit.

## II.

As his second allegation of error, appellant maintains that the trial judge erroneously considered juvenile adjudications and thus applied the wrong prior record score when calculating a sentence under the 1982 Sentencing Guidelines. This claim is not moot even though the trial judge actually sentenced appellant under the Youth Offenders Act. As we have noted, section 9721(b) of the Code requires the court to consider the sentencing guidelines. This provision has been interpreted as directing the trial judge to ascertain the correct sentencing range under the guidelines and state that range on the record before departing from the guidelines. *Commonwealth v. Sanchez*, 372 Pa.Super. 369, 373, 539 A.2d 840, 842; *Commonwealth v. Johnakin*, 348 Pa.Super. 432, 438, 502 A.2d 620, 623 (1985); *Commonwealth v. Royer*, 328 Pa.Super. 60, 476 A.2d 453 (1984). Nevertheless, we cannot reverse the trial court on this basis.

██ A claim that the trial court miscalculated a defendant's prior record score implicates a discretionary aspect of sentencing. *Commonwealth v. Billett*, 370 Pa.Super. 125, 535 A.2d 1182 (1988); *Commonwealth v. Woodward*, 368 Pa.Super. 363, 534 A.2d 478 (1987); *Commonwealth v. Tilghman*, 366 Pa.Super. 328, 331, 531 A.2d 441, 443 (1987) (en banc). As we noted in section (I)(A) of this opinion, the right to appeal from a discretionary aspect of sentence is

not absolute. Moreover, any claim challenging a discretionary aspect of sentence is subject to waiver.

In order to reach the merits of a discretionary sentencing issue, this court must conduct a three part inquiry.[9] First, we must find that appellant's issue was properly preserved in the trial court. *See* Pa.R.Crim.P. 1410. Second, we must find that the appellant has filed a brief with this court which does not contain a fatal defect. *See Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987); Pa.R.App.P. 2119(f). Third, we must find that appellant's issue presents the "appearance of a substantial question" that the sentence appealed from is not appropriate under the Sentencing Code. 42 Pa.Cons.Stat.Ann. § 9781(b); *see Tuladziecki, supra.*[10]

Although appellant properly preserved the discretionary sentencing issue in the trial court, his brief to this court is defective. Pennsylvania Rule of Appellate Procedure 2119(f) directs the appellant to "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence." Appellant's brief does not contain a Rule 2119(f) statement. This court will overlook a Rule 2119(f) violation where the appellee has failed to object to the defect, *Commonwealth v. Krum, supra.* In this case, however, the Commonwealth specifically objected to the defect. Appel-

**9.** This three part inquiry is in addition to the initial determination we must make every case that the appellant has filed a timely notice of appeal. *See* Pa.R.App.P. 902.

**10.** An appellate court is not obliged to address the three steps of this inquiry in any particular order. Section 9781 of the Sentencing Code provides that "[a]llowance of appeal *may be granted at the discretion of the appellate court* where it appears that there is a substantial question that the sentence imposed is not appropriate under [the Sentencing Code]." 42 Pa.Cons.Stat.Ann. § 9781 (emphasis added). Thus, the appellate court could determine at the outset whether consideration of a sentencing claim is barred on the grounds that there is no appearance of a substantial question. Alternatively, the appellate court could first inquire whether appellant has properly preserved the issues and filed an adequate appellate brief; if appellant has not complied with these requirements, the appellate court could then refrain from considering the merits of the appeal as a sound exercise of the discretion afforded by section 9781(b).

lee's Brief at 6 n. 3; Supplemental Brief for Appellee at 10 n. 4. Therefore, we will not review any discretionary aspect of appellant's sentence.[11]

The judgment of sentence is affirmed.

KELLY, J., files a concurring opinion.

KELLY, Judge, concurring:

I agree with the majority that the Youth Offenders Act was not impliedly repealed by adoption of the Sentencing Guidelines. I also agree that a sentence under the Youth Offenders Act is a sentence "outside" the guidelines, is subject to the written statement requirement of 42 Pa.C. S.A. § 9721(b) and 204 Pa.Code § 303.1(h), and is reviewable under 42 Pa.C.S.A. § 9781(b) and 9781(c)(3). *See Commonwealth v. Felix*, 372 Pa.Super. 145, 154 n. 4, 539 A.2d 371, 375 n. 4 (1988).

I do not agree that: 1) if the Commonwealth fails to raise a challenge to an appellant's failure to comply with Pa.R. A.P. 2119(f), that procedural defect is waived and will be ignored; and, 2) if the Commonwealth properly raises a challenge to an appellant's failure to comply with Pa.R.A.P. 2119(f), appellant's challenge to the discretionary aspects of sentence must be deemed to have been waived. Those pronouncements improperly and unduly restrict this Court's inherent discretionary authority to enforce the rules of procedure *sua sponte,* and to decide in our sound discretion what the proper response to a procedural defect is in a particular case. *See Commonwealth v. Zeitlen,* 366 Pa.Super. 78, 81–86, 530 A.2d 900, 902–04 (1987) (Kelly, J., joining and concurring); *see also Commonwealth v. Graham,* 372 Pa.Super. 365, 367, 539 A.2d 838, 839 (1988); *Commonwealth v. Felix, supra,* 372 Pa.Super. at 153, 539 A.2d at 376; *Commonwealth v. Douglass,* 370 Pa.Super. 104, 107, 535 A.2d 1172, 1174 (1988); *Commonwealth v. Pickford,*

**11.** We note, however, that the precise claim which appellant seeks to raise was recently discussed at length and rejected in *Commonwealth v. Woodward, supra. See also Commonwealth v. Billett, supra.*

370 Pa.Super. 444, 453, 536 A.2d 1348, 1356–57 (1987) (Kelly, J., concurring and dissenting).

In the instant case, I would deny allowance of appeal without remanding for compliance with Pa.R.A.P. 2119(f), as appellant's contention, that the trial court erred in considering guideline ranges determined by applying guideline provisions giving prior record score points for prior juvenile adjudications, has previously been rejected by this Court in *Commonwealth v. Woodward*, 368 Pa.Super. 363, 534 A.2d 478 (1987). *Cf. Commonwealth v. Pickford, supra*, 370 Pa.Super. at 453, 536 A.2d at 1356; *accord Commonwealth v. Graham, supra*, 372 Pa.Super. at 367, 539 A.2d at 839.

However, as I agree that the appeal from the discretionary aspects of sentence is frivolous, I concur in the affirmance of judgment of sentence.