525 A.2d 391

**COMMONWEALTH of Pennsylvania**

v.

**Eriberto TORRES, Appellant.**

Superior Court of Pennsylvania.

Submitted June 16, 1986.

Filed May 4, 1987.

618 ·

Edward Michael Flannery, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com. appellee.

Before DEL SOLE, MONTEMURO and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for theft by receiving stolen property and criminal conspiracy. Appellant contends that the sentencing court erred in considering his prior juvenile adjudications of delinquency as a factor in determining his sentence for a misdemeanor. We disagree and, accordingly, affirm the judgment of sentence.

Appellant was found guilty of theft by receiving stolen property and criminal conspiracy, both misdemeanors of the first degree, following a non-jury trial. He was sentenced to an eleven-and-one-half-to-twenty-three-month term of imprisonment for theft and ordered to pay restitution in the amount of $750.00. He received a suspended sentence for criminal conspiracy. The order of restitution was vacated pursuant to appellant's motion to modify his sentence, and his sentence was otherwise affirmed. This appeal followed.

· ▮ Appellant contends that the sentencing court erred in considering his prior juvenile adjudications of delinquency

as a factor in sentencing him because this practice is specifically prohibited by statute.[1] For the reasons that follow, we agree with appellant that, generally, a court may not consider a prior adjudication of delinquency as a factor in sentencing for a misdemeanor. We do not, however, agree that the court erred in the instant case.

■ Section 6354 of the Juvenile Act, 42 Pa.C.S.A. §§ 6301–6365, entitled, "Effect of adjudication," provides in relevant part:

(a) **General rule.**—An order of disposition or other adjudication in a proceeding under this chapter is not a conviction of crime and does not impose any civil disability ordinarily resulting from a conviction or operate to disqualify the child in any civil service application or appointment.

(b) **Effect in subsequent judicial matters.**—The disposition of a child under this chapter may not be used against him in any proceeding in any court other than at a subsequent juvenile hearing, whether before or after reaching majority, except:

(1) in dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and report. . . .

*Id.* § 6354. Pursuant to this statute, a court may not use a prior adjudication of delinquency against a defendant except for purposes of a presentence investigation in sentencing for a felony. *See Commonwealth v. Smith,* 333 Pa.Superior Ct. 179, 181–82, 481 A.2d 1365, 1366 (1984); *Commonwealth v. Allen,* 287 Pa.Superior Ct. 88, 97–98, 429 A.2d 1113, 1117 (1981). Under the Sentencing Code, 42 Pa.C.S.A. §§ 9701–9781, however, a sentencing court is required to consider prior juvenile adjudications even when

---

1. We note that appellant is not arguing that the lower court erred in using his prior juvenile adjudications to calculate his prior record score. Appellant has acknowledged that the adjudications were not used in that manner. *See* Brief for Appellant at 6–7.

sentencing for a misdemeanor. Our legislature has mandated that when considering imposing a sentence of probation rather than confinement, a sentencing court should favor a sentence of probation when, among other factors, the defendant has no history of prior delinquency or criminal activity. *See* 42 Pa.C.S.A. § 9722(7).[2]

"Statutes in pari materia shall be construed together, if possible, as one statute." 1 Pa.C.S.A. § 1932(b). Additionally, such statutes should be construed as far as possible to be consistent with each other. *See Commonwealth v. Philadelphia Electric Co.*, 472 Pa. 530, 539, 372 A.2d 815, 819 (1977). Section 6354 of the Juvenile Act and § 9722(7) of the Sentencing Code are in pari materia because they both relate to the consideration of an adjudication of delinquency in a subsequent sentencing proceeding. Section 6354 prohibits the consideration of adjudications of delinquency in subsequent proceedings except in sentencing for a felony and § 9722 obliges a court to give weight to the absence of prior adjudications of delinquency when considering a sentence of probation in any case. In order to construe these two statutes in a manner that would give meaning to each, we conclude that § 9722(7) should be read as an exception to § 6354. Thus, when sentencing for a misdemeanor, only in the instance when a sentencing court is considering imposing an order of probation shall the court consider the absence or presence of a juvenile record.

■ Here, appellant was being sentenced for two misdemeanors of the first degree. The transcript of the sentencing hearing indicates that the sentencing court considered appellant's prior juvenile adjudications for the purpose of

**2.** Section 9722 provides in relevant part:

> The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of an order of probation:
>
> \*  \*  \*  \*  \*  \*
>
> (7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime.
>
> 42 Pa.C.S.A. § 9722.

deciding whether probation would be appropriate. The court stated the following:

You have a record of eight arrests and four adjudications as a juvenile for which you received probation. You have ten arrests and two convictions as an adult and I think it's clear that probation is just a waste of time.

N.T. April 29, 1985 at 12. Moreover, in its opinion written in response to the instant appeal, the sentencing court explained its decision to consider appellant's juvenile record as follows:

This court did in fact consider the defendant's juvenile record and stands by the decision to do so. Under the Guidelines, [204 Pa.Code §§ 303.1–.9, *reprinted following* 42 Pa.C.S.A. § 9721] the defendant's prior record is one and the offense gravity score is three. The minimum range under the Guidelines is 0–12 months. Considering this range, a probationary period could have been considered. To determine the appropriateness of a probationary sentence, the court examined [appellant's] entire record, supplied in the Presentence Investigation, to ascertain [appellant's] prior probation experiences, if any. To ignore the fact that [appellant] (who was 21 years old at the time of this offense) had been on probation four times as a juvenile for cases involving serious charges, would be a dereliction of this court's duties. There is no substantial time lapse between [appellant's] criminal behaviour as a juvenile and his continued criminal behavior as an adult. In fact, only twenty-one months passed between [appellant's] completion of his last juvenile probation and his first adult arrest and conviction.

Lower Court Opinion at 5–6.

Accordingly, because the lower court considered appellant's prior juvenile adjudications of delinquency in the context of determining whether a sentence of probation would be appropriate, we conclude that the court did not err, and affirm the judgment of sentence.

Affirmed.