530 A.2d 1345

**COMMONWEALTH of Pennsylvania**

v.

**Stephen M. LYONS, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 18, 1986.

Filed July 8, 1987.

Reargument Denied Sept. 18, 1987.

Walter A. Steinbacher, Assistant Public Defender, Williamsport, for appellant.

Brett O. Feese, District Attorney and Kenneth A. Osokow, Assistant District Attorney, Williamsport, for Com., appellee.

Before WIEAND, MONTEMURO and JOHNSON, JJ.

MONTEMURO, Judge:

Appellant Stephen M. Lyons challenges the judgment of sentence entered against him by the Lycoming County Court of Common Pleas. The question before us is whether the court, in sentencing appellant on a misdemeanor conviction, transgressed the Juvenile Act, 42 Pa. C.S.A. § 6301 *et seq.*, by using appellant's juvenile record to justify a term of imprisonment within the "aggravated minimum range." Because we find that the sentencing court acted improperly, we reverse and remand for resentencing.

Appellant pled guilty on December 5, 1985, to charges of theft by unlawful taking [1] and theft by receiving stolen property.[2] The Commonwealth graded both offenses as misdemeanors of the third degree, pursuant to Section 3903(b)(2) of the Crimes Code, 18 Pa. C.S.A. § 3903(b)(2). After reviewing a presentence investigation report, the court sentenced appellant to serve a term of imprisonment of not less than six nor more than twelve months.[3] The court determined at the sentencing hearing that each

1. 18 Pa. C.S.A. § 3921(a).
2. *Id.* at § 3925(a).
3. The court concluded that the conviction for theft by receiving stolen property merged with the conviction for theft by unlawful taking for sentencing purposes.

charge bore an offense gravity score of one and that appellant had a prior record score of zero. Although the sentencing guidelines would have allowed the court to impose a term of probation, *see* 204 Pa. Code § 303.9(b), the court observed that this case is not appellant's first contact with the criminal justice system. Appellant, according to the court, was "adjudicated delinquent on at least nine burglaries" between 1981 and 1983. Because of this "aggravating circumstance," the court felt that a sentence in the "aggravated minimum range" under the guidelines, *see* 204 Pa. Code § 303.3, was appropriate. The sentence imposed was the maximum permitted by the Crimes Code for a misdemeanor of the third degree, *see* 18 Pa. C.S.A. § 1104(3). The court denied appellant's motion to modify sentence, and this timely appeal followed.

Appellant contends that Section 6354(b) of the Juvenile Act prohibits the court from considering prior juvenile adjudications when it imposes sentence for conviction of a misdemeanor in adult criminal proceedings. Section 6354 provides as follows:

> **(a) General rule.**—An order of disposition or other adjudication in a proceeding under this chapter is not a conviction of crime and does not impose any civil disability ordinarily resulting from a conviction or operate to disqualify the child in any civil service application or appointment.

> **(b) Effect in subsequent judicial matters.**—The disposition of a child under this chapter may not be used against him in any proceeding in any court other than at a subsequent juvenile hearing, whether before or after reaching majority, except:

>> (1) in dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and report; or

>> (2) if relevant, where he has put his reputation or character in issue in a civil matter.

42 Pa. C.S.A. § 6354. This provision protects the juvenile from most of the civil and criminal consequences of his or

her contact with the juvenile court system. The General Assembly apparently believed that this sort of protection was warranted given the fundamental differences, in terms of both process and purpose, between a juvenile court proceeding and a full-fledged criminal trial. In terms of process, the juvenile defendant in Pennsylvania cannot elect a jury trial, *see* 42 Pa. C.S.A. § 6336(a); *In re Terry*, 438 Pa. 339, 265 A.2d 350 (1970), *aff'd sub. nom, Terry v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971); the juvenile cannot take advantage of the panoply of procedural safeguards afforded by our rules of criminal procedure, *see* Pa.R.Crim.P. 1(a); and, moreover, juvenile proceedings are closed to the public, *see* 42 Pa. C.S.A. § 6336(c). In terms of purpose, juvenile court systems exist primarily "to facilitate the identification and treatment of children in need of protective or therapeutic services," while criminal processes exist more to assess "responsibility and blameworthiness." *McCarthy, Preadjudicatory Rights in Juvenile Court: An Historical and Constitutional Analysis*, 42 U.Pitt.L.Rev. 457, 457 (1981). *See also In the Interest of Leonardo*, 291 Pa.Super. 644, 436 A.2d 685 (1985). The use of prior juvenile adjudications to enhance an adult criminal penalty appears therefore to violate the spirit as well as the letter of the Juvenile Act. Of course, the General Assembly did establish exceptions to the general prohibition in Section 6354(b). In "dispositional proceedings after conviction of a felony," for example, the need for an accurate profile of the individual offender outweighs the need to protect the juvenile record from misuse. This case, however, concerns only dispositional proceedings after conviction of a misdemeanor. It falls within neither of the two narrow exceptions established by the Assembly.

On the other hand, the Commonwealth identifies several provisions of the Sentencing Code, 42 Pa. C.S.A. § 9701 *et seq.*, that appear to require the adult sentencing court to consider prior juvenile adjudications even in misdemeanor cases. In particular, Section 9722(7) of the Code requires the court to weigh the defendant's lack of "prior delinquency" as a factor, among others, "in favor of an order of

probation." 42 Pa. C.S.A. § 9722(7). Section 9732 provides that the presentence report "shall include" the defendant's "history of delinquency." 42 Pa. C.S.A. § 9732. Although the sentencing judge need not order a presentence report in every misdemeanor case, our rules of procedure certainly allow the judge to do so. *See* Pa.R.Crim.P. 1403 A. A complete biography of the defendant will usually better enable the sentencing court to fashion a penalty that is "consistent with the protection of the public, the gravity of the offense ... and the rehabilitative needs of the defendant," *see* 42 Pa.C.S.A. § 9721(b). The Sentencing Code makes clear that the court must consider the defendant's "prior delinquency" at least to determine the appropriateness of an order of probation. To this extent, the Code conflicts with the Juvenile Act.

Appellant asks us to enforce the plain language of the Juvenile Act while the Commonwealth asks us not to slight the equally plain language of the Sentence Code. We must attempt to resolve this legislatively-created conflict without depriving either provision of its effect. A panel of this court recently addressed the same conflict in *Commonwealth v. Torres*, 362 Pa.Super. 617, 525 A.2d 391 (1987). The reasoning in *Torres* guides the result here:

'Statutes in pari materia shall be construed together, if possible as one statute.' 1 Pa.C.S.A. § 1932(b). Additionally, such statutes should be construed as far as possible to be consistent with each other. *See Commonwealth v. Philadelphia Electric Co.*, 472 Pa. 530, 539, 372 A.2d 815, 819 (1977). Section 6354 of the Juvenile Act and § 9722(7) of the Sentencing Code are in pari materia because they both relate to the consideration of an adjudication of delinquency in a subsequent sentencing proceeding. Section 6354 prohibits the consideration of adjudications of delinquency in subsequent proceedings except in sentencing for a felony and § 9722 obliges a court to give weight to the absence of prior adjudications of delinquency when considering a sentence of probation in any case. In order to construe these two statutes in a manner that

would give meaning to each, we conclude that § 9722(7) should be read as an exception to § 6354. *Thus, when sentencing for a misdemeanor, only in the instance when a sentencing court is considering imposing an order of probation shall the court consider the absence or presence of a juvenile record.*

*Torres, supra,* 362 Pa.Superior Ct. at 620, 525 A.2d at 393 (emphasis added).

The sentencing court in *Torres* considered the defendant's juvenile record solely to determine the appropriateness of probation. Because it did not otherwise use the record as a factor in its decision, we affirmed the judgment of sentence. In the present case, the sentencing court relied upon appellant's juvenile record as a reason for sentencing in the aggravated range. This use of juvenile adjudications to enhance the sentence on a misdemeanor conviction transgressed the clear prohibition of the Juvenile Act, 42 Pa.C.S.A. § 6354(b), and was not required by the Sentencing Code, 42 Pa. C.S.A. § 9722(7). The Juvenile Act flatly forbids the court from using prior adjudications of delinquency against the defendant in adult proceedings, except in narrowly-defined circumstances that do not apply here. The Sentencing Code, on the other hand, allows the court to consider the absence of prior adjudications as a factor "in favor of an order of probation." Thus, while the court can weigh the *lack* of juvenile record in *favor* of the defendant, it cannot weigh the *presence* of a juvenile record *against* the defendant. We recognize, of course, that by allowing the court to consider the lack of juvenile record, the Sentencing Code necessarily allows the court to use prior adjudications against the defendant. The presence of prior adjudications certainly renders less likely the possibility of probation. Nevertheless, we need not conclude, as the Commonwealth does, that the Sentencing Code necessarily allows the court to use the defendant's juvenile record affirmatively to enhance sentence. Nothing in the Code requires us to find that once a sentencing court has rejected probation as a proper disposition it then can weigh the

juvenile record as an "aggravating circumstance" in support of a longer term of imprisonment. The only purpose for which the Code mandates consideration of juvenile adjudications is to determine the appropriateness of probation. If we are to give any force to the Juvenile Act, we should restrict the use of juvenile adjudications to this purpose.

Our fidelity to the plain language of the Juvenile Act will necessarily frustrate the policy favoring individualized sentencing. We agree with the Commonwealth that the Sentencing Code in general encourages full presentence disclosure of all relevant data on the history and character of the individual defendant. This data helps the court to fashion a sentence that meets the particular needs of both the defendant and the community, as Section 9721(b) of the Sentencing Code requires. The General Assembly has determined, however, that juveniles require special protection from the consequences of their encounters with the juvenile court system. Even if we disagree with that determination, we lack the authority to alter it.

For the foregoing reasons, we reverse the judgment of sentence and remand for resentencing. Jurisdiction is relinquished.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

The majority holds that a court which imposes a sentence for a misdemeanor theft offense may not consider that the defendant, as a juvenile, was adjudicated guilty of at least nine burglaries. I dissent. I would hold that a defendant's juvenile record is relevant and may be considered as evidence of his character and to assist the sentencing court in determining his rehabilitative needs.

Stephen M. Lyons entered pleas of guilty to charges of theft by unlawful taking [1] and theft by receiving stolen property.[2] Both offenses were graded as misdemeanors of

1. 18 Pa.C.S. § 3921(a).
2. 18 Pa.C.S. § 3925(a).

the third degree.[3]  A presentence investigation was made, and, on March 3, 1986, Lyons was sentenced to serve a term of imprisonment for not less than six months nor more than twelve months.[4]  At the sentencing hearing, the court determined that the offenses were Lyons' first adult offenses and that, therefore, he had a prior record score of zero (0). The court also determined that the offense gravity score for each offense was one (1).  The court stated that if this had been Lyons' first contact with the criminal justice system, the court would have been inclined to sentence him to a term of probation.  The court observed, however, that from 1981 to 1983, Lyons had been adjudicated delinquent on account of at least nine burglaries which he had committed. Based upon these prior juvenile adjudications, the court concluded that aggravating circumstances were present which called for a sentence of imprisonment.  The sentence imposed was the maximum permitted by law for a misdemeanor, of the third degree.  See: 18 Pa.C.S. § 1104. Lyons' request for reconsideration of sentence was denied, and this appeal followed.

Appellant contends that the trial court committed error when it considered his prior juvenile adjudications.  His argument is based on Section 6354 of the Juvenile Act, which provides as follows:

(a) **General rule.**—An order of disposition or other adjudication in a proceeding under this chapter is not a conviction of crime and does not impose any civil disability ordinarily resulting from a conviction or operate to disqualify the child in any civil service application or appointment.

(b) **Effect in subsequent judicial matters.**—The disposition of a child under this chapter may not be used against him in any proceeding in any court other than at a subsequent juvenile hearing, whether before or after reaching majority, except:

3.  18 Pa.C.S. § 3903.

4.  The conviction for theft by receiving stolen property was held to merge in the conviction for theft by unlawful taking, and no separate sentence therefor was imposed.

    (1) in dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and report; or

    (2) if relevant, where he has put his reputation or character in issue in a civil matter.

42 Pa.C.S. § 6354.

This statute, when read in isolation, seems to support appellant's argument; it seems to prohibit a sentencing court from considering prior juvenile adjudications for any purpose except when sentencing an offender following conviction for a felony. However, when it is read together with other relevant statutes, it becomes apparent that such a result was not intended by the legislature.

Section 9732 of the Sentencing Code provides that a presentence report shall include, inter alia, "the history of delinquency ... of the defendant...." 42 Pa.C.S. § 9732. Although the sentencing court is not required to order a presentence report in cases involving misdemeanor offenses, it clearly may do so. See: Pa.R.Crim.P. 1403 A(1) (sentencing judge may order a presentence report in any case). In most cases, in fact, a presentence report will be essential to enable a sentencing court to comply with the mandate of the Sentencing Code to impose a sentence which is consistent with the gravity of the offense, the need to protect the public, and the rehabilitative needs of the defendant. In this respect, the Sentencing Code requires a sentencing court to consider favorably the absence of prior adjudications of delinquency when determining whether a sentence of probation is appropriate. See: 42 Pa.C.S. § 9722(7). The converse, then, must also be true. This is confirmed by the legislature's direction that if a defendant's history and character are such that there is undue risk that he will commit another crime upon imposition of a sentence of probation or partial confinement, the court must impose a sentence of total confinement. See: 42 Pa.C.S. § 9725. A defendant's lengthy juvenile record or the absence of any juvenile record would, in either event, be a significant factor in making such a determination. To suggest that the

absence of a juvenile record may be considered for sentencing purposes but not the existence of prior juvenile adjudications is to create in practice a distinction impossible to follow.

It seems clear, therefore, that the legislature did contemplate the need for a sentencing court to consider the presence or absence of prior adjudications of delinquency in determining the appropriate sentence to be imposed upon a defendant. A sentencing court does not, and should not, operate in a vacuum. The presence or absence of prior adjudications of delinquency is an important factor for a sentencing court to consider in complying with the statutory mandate to impose an appropriate, individualized sentence. "To deprive the [c]ourts of the right to be informed of and to consider the history and background of the person subject to sentence may result in sentences which are unjust and unfair to both society and defendants." *Commonwealth ex rel. Hendrickson v. Myers,* 393 Pa. 224, 231, 144 A.2d 367, 371 (1958).

The legislature has directed that "[w]henever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both." 1 Pa.C.S. § 1933. See: *Appeal of Yerger,* 460 Pa. 537, 333 A.2d 902 (1975). The provisions of the Juvenile Code and the Sentencing Code can be made to operate in harmony if 42 Pa.C.S. § 6354 is interpreted to provide that, with the exception of subsequent felony convictions, an adjudication of delinquency shall not be considered as a prior conviction for purposes of sentencing. Thus, it cannot be considered in determining a defendant's prior record score for purposes of applying the Sentencing Guidelines. See: *Commonwealth v. Tilghman,* 366 Pa.Super. 328, 531 A.2d 441 (1987). However, the provisions of the Juvenile Code and the Sentencing Code, when construed together, do not prevent a sentencing court from considering prior juvenile adjudications for the purpose of determining the sentence best

calculated to fit a defendant's character and rehabilitative needs and the public's interest in protection against crime.

Such an interpretation of the applicable statutes will not only permit a court to impose a meaningful and personalized sentence, as intended by the Sentencing Code, but it will also serve the purposes of 42 Pa.C.S. § 6354. The Juvenile Act was not intended to obliterate an offender's past history, especially where he or she continues to engage in unlawful behavior after reaching the age of majority. See: *Commonwealth v. Smith*, 333 Pa.Super. 179, 182, 481 A.2d 1365, 1366 (1984). The statutory purpose was merely to ensure that young adults who had previously been adjudicated delinquent would not begin their adult lives with the stigma and adverse consequences which generally follow criminal convictions.

I would hold, therefore, that the provisions of 42 Pa.C.S. § 6354 do not prohibit a sentencing court from being made aware of and giving consideration to an offender's prior juvenile *record* for purposes of imposing an appropriate sentence following conviction of a criminal offense, whether the offense be a felony or a misdemeanor.