COMMONWEALTH of Pennsylvania, Appellee

v.

Anton CARTER, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 10, 2002.

Filed April 2, 2003.

Tamara M. Cozzi, Public Defender, York, for appellant.

Christopher A. Ferro, Assistant District Attorney, York, for Com., appellee.

Before: STEVENS, ORIE MELVIN, and KELLY, JJ.

STEVENS, J.

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of York County following Appellant's guilty plea to the charges of rape,[1] statutory sexual assault,[2] corruption of minors,[3] and indecent assault,[4] and the trial court's determination that Appellant is a "sexually violent predator" pursuant to the Registration of Sexual Offenders Act, a/k/a Pennsylvania's Megan's Law II, 42 Pa.C.S.A. §§ 9791–9799.[5] At issue in this case of first impression is whether the trial court violates the Juvenile Act, 42 Pa.C.S.A. §§ 6301–6365, in relying on psychiatric examinations and summaries gathered during an appellant's juvenile detention following an adjudication of delinquency in assessing whether the appellant is a "sexually violent predator." Also at issue is whether the psychiatrist/patient privilege, 42 Pa.C.S.A. § 5944, is violated by disclosure of information gathered from such examinations and summaries.[6] We remand for further proceedings.

¶ 2 The relevant facts and procedural history are as follows: On August 20, 2001, Appellant, who was an adult, pleaded guilty to the charges listed *supra* in connection with several incidents occurring between December 2000 to May 23, 2001 involving Appellant's six-year-old third cousin. In exchange for Appellant's guilty plea, the Commonwealth agreed to seek an aggregate of five to ten years in prison and a period of probation, Appellant would have no contact with the victim, Appellant would undergo counseling, and Appellant would be assessed by the Sexual Offender Assessment Board (Board) to determine whether Appellant is a sexually violent predator under the Registration of Sexual Offenders Act. N.T. 8/20/01 at 2. If the Board determined that Appellant is a sexually violent predator, the Commonwealth specifically reserved the right to take all necessary action under the Registration of Sexual Offenders Act. N.T. 8/20/01 at 2. The trial court accepted Appellant's guilty plea, and the Commonwealth filed a petition seeking to have a hearing scheduled to determine whether Appellant is a sexually violent predator under the Registration of Sexual Offenders Act. Pursuant to 42 Pa. C.S.A. § 9795.4, the trial court scheduled an assessment hearing for Appellant, and on November 15, 2001, the Commonwealth received a written report from the Board. On November 29, 2001, Appellant filed a motion to compel the Commonwealth to supply Appellant with all of the documents

1. 18 Pa.C.S.A. § 3121.

2. 18 Pa.C.S.A. § 3122.1.

3. 18 Pa.C.S.A. § 6301.

4. 18 Pa.C.S.A. § 3126. Appellant also pleaded guilty to the charges of theft, 18 Pa.C.S.A. § 3921, and receiving stolen property, 18 Pa. C.S.A. § 3925. However, these charges occurred in an incident separate to that from which the sexual charges emanated. The issues on appeal relate to the sexual charges only.

5. The Pennsylvania Supreme Court and this Court declared that the process of determining whether a defendant was a sexually violent predator under Megan's Law I was unconstitutional. *See Commonwealth v.*

*Williams,* 557 Pa. 285, 733 A.2d 593 (1999); *Commonwealth v. Halye,* 719 A.2d 763 (Pa.Super.1998). The legislature amended the Registration of Sexual Offenders Act on May 10, 2000, effective in sixty days.

6. Appellant has not challenged the sufficiency of the evidence relating to the trial court's finding that Appellant is a "sexually violent predator." Moreover, Appellant has not explicitly argued that the trial court was not permitted to consider his prior juvenile adjudication in determining whether Appellant is a sexually violent predator, 42 Pa.C.S.A. § 6354. Rather, he challenges the use of psychiatric materials gathered during this time period.

relied on by the Board in making its assessment, and the trial court granted the motion.

¶ 3 In his report, Gregory A. Loop, a member of the Board, mentioned, *inter alia*, that, on October 6, 1992, Appellant was adjudicated delinquent at age twelve for sexually abusing a six-year-old neighbor girl. The Board indicated that Appellant's placement in residential treatment was not successful and that Appellant was relocated to four different programs. The Board noted that Appellant was evaluated by a psychiatrist, Fred Schultz, on November 16, 1992 and that Appellant was diagnosed as suffering from, *inter alia*, a conduct disorder, undersocialized aggression, attention deficit hyperactivity, and oppositional defiant disorder. The Board reported that, in Appellant's discharge summary from diversified treatment alternatives dated October 4, 1995, Appellant admitted that he had sexually molested twenty-nine children, ranging from ages three to ten, and in a psychiatric evaluation performed at Alternative Rehabilitation Communities, Inc. on March 5, 1996, Appellant admitted that he threatened his victims and physically abused them on occasion. In an evaluation from the National Institute for the Study, Prevention, and Treatment of Sexual Trauma, dated June 25, 1996, it was opined that Appellant stopped offending at age twelve solely because he was "locked up." Finally, the Board reported that, in a psychiatric evaluation performed September 1998, Appellant indicated that he would threaten children and that he forcibly raped a seventeen-year-old girl. Mr. Loop concluded that, in his professional opinion, Appellant meets the criteria of being a sexually violent predator.

¶ 4 On December 20, 2001, Appellant proceeded to a hearing, at which Mr. Loop testified that he reviewed numerous reports and that, in his opinion, Appellant is a sexually violent predator. Mr. Loop specifically testified that he relied on Appellant's juvenile record, psychiatric reports, and discharge summaries. N.T. 12/20/01 at 5. At the conclusion of the hearing, the trial court found Appellant is a sexually violent predator. The trial court then sentenced Appellant to an aggregate of five to ten years in prison, with a concurrent five years of probation, as to the sexual convictions. Because Appellant was found to be a sexually violent predator, the Commonwealth informed Appellant that he was required to register with the Pennsylvania State Police.

¶ 5 On December 31, 2001, Appellant filed a post-sentence motion alleging that the sentencing court erred in permitting Mr. Loop to rely on psychiatric examinations completed while Appellant was involved with the juvenile justice system and on evaluations which were completed for treatment purposes. On January 25, 2002, the trial court denied Appellant's post-sentence motion, concluding that all relevant information may be reviewed in determining whether a defendant is a sexually violent predator. On February 4, 2002, Appellant filed a timely notice of appeal, the trial court ordered Appellant to file a statement pursuant to Pa.R.A.P.1925(b), Appellant filed the requested statement, and the trial court filed a Pa.R.A.P.1925(a) opinion.

¶ 6 Appellant first contends that the confidentiality provisions and purpose of the Juvenile Act were violated when the trial court considered Appellant's psychiatric examinations and summaries gathered as part of Appellant's adjudication of delinquency. Appellant contends that such information should not have been used in determining whether Appellant is a sexually violent predator for Registration of Sexual Offenders purposes since it was confidential.

¶ 7 The Juvenile Act provides, in relevant part, that it is to be interpreted and construed to effectuate the following purposes:

Consistent with the protection of the public interest, to provide for children committing delinquent acts programs of supervision, care and rehabilitation which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community.

42 Pa.C.S.A. § 6301(b)(2). "The stated purpose of the [Juvenile] Act reflects a concern that juveniles be held accountable for their actions and that the community be protected from violent juvenile offenders." *In the Interest of J.F.*, 714 A.2d 467, 471 (Pa.Super.1998). This desire must be balanced with the concern that juvenile offenders be rehabilitated into productive members of society. *Id.*

¶ 8 42 Pa.C.S.A. § 6339 provides that psychiatric examinations and treatments are permitted in order to effectuate the purpose of the Juvenile Act. The Juvenile Act provides that, in general, the records associated with an adjudication of delinquency are to be kept confidential. However, Section 6307 of the Juvenile Act provides for exceptions as to when inspection of court files and court records may occur.[7] Specifically, Section 6307 provides, in relevant part, the following:

**6307. Inspection of court files and records.**

All files and records of the court in a proceeding under this chapter are open to inspection only by:

(1) The judges, officers, and professional staff of the court.

(2) The parties to the proceeding and their counsel and representatives, but the persons in this category shall not be permitted to see reports revealing the names of confidential sources of information contained in social reports, except at the discretion of the court.

\* \* \*

(4) A court and its probation and other officials or professional staff and the attorney for the defendant for use in preparing a presentence report in a criminal case in which the defendant is convicted and who prior thereto had been a party to a proceeding under this chapter.

\* \* \*

(7) With leave of court, any other person or agency or institution having a legitimate interest in the proceedings or in the work of the unified judicial system.

42 Pa.C.S.A. § 6307.[8]

■ ¶ 9 The legislature has declared the following with regard to the Registration of Sexual Offenders Act:

It is hereby declared to be the intention of the General Assembly to protect the safety and general welfare of the people

---

7. In his brief, Appellant discusses the confidentiality provisions of Sections 6307, 6308, 6309, and 6352.1. We conclude that only Section 6307 is applicable since the psychiatric examinations and summaries were maintained in the court's files and records. Section 6308 discusses records maintained by the police, and Section 6309, discussing juvenile history record information, explicitly states that it does not include treatment or psychiat-

ric information. Section 6352.1 discusses the release of drug and alcohol treatment records.

8. The deleted subsections are inapplicable since they relate to the supervision of a child in custody, the grant or denial of bail, the Administrative Office of Pennsylvania Courts, and the courts of other jurisdictions.

of this Commonwealth by providing for registration and community notification regarding sexually violent predators who are about to be released from custody and will live in or near their neighborhood. It is further declared to be the policy of this Commonwealth to require the exchange of relevant information about sexually violent predators among public agencies and officials and to authorize the release of necessary and relevant information about sexually violent predators to members of the general public as a means of assuring public protection and shall not be construed as punitive.

42 Pa.C.S.A. § 9791(b). "The registration requirements of [the Registration of Sexual Offenders Act] do not serve to punish the offender but to help ensure the safety of the public." *Commonwealth v. Fleming,* 801 A.2d 1234, 1241 (Pa.Super.2002). The legislature has also declared that "sexually violent predators pose a high risk of engaging in further offenses even after being released from incarceration or commitments and that protection of the public from this type of offender is a paramount governmental interest." 42 Pa.C.S.A. § 9791(a)(2). A "sexually violent predator" is a person who has been convicted of a sexually violent offense and who is determined to be a sexually violent predator under Section 9794.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. 42 Pa.C.S.A. § 9792. In determining whether a defendant is a sexually violent predator, and therefore subject to the registration requirements, the trial court must consider certain factors during a hearing. Specifically, 42 Pa. C.S.A. § 9795.4 indicates, in relevant part, the following

**(b) Assessment.-** . . . .An assessment shall include, but not be limited to, an examination of the following:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age of the individual.

(ii) Use of illegal drugs by the individual.

*(iii) Any mental illness, mental disability, or mental abnormality.*

*(iv) Behavioral characteristics that contribute to the individual's conduct.*

(4) Factors that are supported in a sexual offender assessment filed as criteria reasonably related to the risk of reoffense.

**(c) Release of information.-**All state, county, and local agencies, offices or entities in this Commonwealth shall coop-

erate by providing copies of records and information as requested by the board in connection with the court-ordered assessment and the assessment requested by the Pennsylvania Board of Probation and Parole.

42 Pa.C.S.A. § 9795.4(b), (c) (italics added). 42 Pa.C.S.A. § 9799.3 provides that the Board shall consist of psychiatrists, psychologists, and criminal justice experts, who are experts in the behavior and treatment of sexual offenders, that the Governor shall appoint the Board members, and that the support staff shall be provided by the Pennsylvania Board of Probation and Parole.

¶ 10 "Statutes in *pari materia* shall be construed together, if possible, as one statute. 1 Pa.C.S.A. § 1932(b). Additionally, such statutes should be construed as far as possible to be consistent with each other." *Commonwealth v. Torres*, 362 Pa.Super. 617, 525 A.2d 391, 393 (1987) (citation omitted). Section 6307 of the Juvenile Act and Section 9795.4 of the Registration of Sexual Offenders Act are in *pari materia* because they both relate to the consideration and confidentiality of information, including psychiatric information regarding offenders, and both are designed to protect the public. Section 6307 of the Juvenile Act provides that, in general, the files and records of the court relating to juvenile proceedings should be kept confidential. However, Section 6307 lists numerous exceptions to this rule. For instance, Section 6307 permits inspection of such information by judges, the court and its probation and other officials or professional staff for preparing a presentence investigation report, and, with leave of court, any other person or agency or institution having a legitimate interest in the proceedings or in the work of the unified judicial sys-

tem. Section 9795.4 of the Registration of Sexual Offender Act directs the court to consider, *inter alia*, "[a]ny mental illness, mental disability, or mental abnormality and [b]ehavioral characteristics that contribute to the individual's conduct." 42 Pa.C.S.A. § 9795.4(b)(3)(iii), (iv). Section 9795.4 also mandates that all state, county, and local agencies, offices or entities shall provide copies of records and information as requested by the board in connection with the assessment. 42 Pa.C.S.A. § 9795.4(c).

¶ 11 Moreover, the Juvenile Act and Registration of Sexual Offenders Act share the same goals. Both operate to protect the public without punishing the offender. *See* 42 Pa.C.S.A. § 6301(b)(2); 42 Pa. C.S.A. § 9791(b). As indicated previously, the legislature has declared that protecting the public from sexually violent predators is a paramount governmental interest. 42 Pa.C.S.A. § 9791(a)(2).

¶ 12 In order to construe the two statutes in a manner that would give meaning to each, we conclude that Section 9795.4 of the Registration of Sexual Offenders Act should be construed as an exception to Section 6307 of the Juvenile Act. That is, even without leave of court, the Board may inspect juvenile psychiatric evaluations and summaries in order to further the goals of the Registration of Sexual Offenders Act and, in particular, to aid the Board in considering **any** mental illness, disability or abnormality, and behavioral characteristics possessed by an offender.[9] To hold otherwise would hamper the Board in its assessment. Only when the Board has **all** relevant information can it make an informed decision as to whether an offender is a sexually violent predator. Since such an assessment is a paramount governmen-

---

**9.** In this case, the Board did not specifically seek leave to examine Appellant's juvenile records and files. Rather, the Board did so without such court permission.

tal interest, the Board must have access to juvenile psychiatric information. As such, the trial court did not err in permitting Mr. Loop to testify about information gathered from Appellant's juvenile psychiatric evaluations and discharge summaries.

¶ 13 However, this does not end our inquiry as we must determine whether any of the information contained in the juvenile psychiatric reports and summaries is protected by the psychiatrist/patient privilege, 42 Pa.C.S.A. § 5944.[10]

¶ 14 42 Pa.C.S.A. § 5944 provides the following:

§ 5944. **Confidential communications to psychiatrists or licensed psychologists.**

No psychiatrist or person who has been licensed under the act of March 23, 1972 (P.L. 136, No. 52), to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client. The confidential relationships and communications between a psychologist or psychiatrist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client.

(footnote omitted).

[I]t is clear that the privilege is designed to protect confidential communications made and information given by the client to the psychotherapist in the course of treatment. The psychiatric file is imbued with the privilege because it might contain such confidential information. However, the privilege is not designed to specifically protect the psychotherapist's own opinion, observations, diagnosis, or treatment alternatives particularly when such information finds its way beyond the client's personal file. While such information may be protected from disclosure by some other privilege, we decide that the § 5944 privilege is designed to protect disclosures made by the client.

*Commonwealth v. Simmons,* 719 A.2d 336, 341 (Pa.Super.1998).

¶ 15 In the case *sub judice,* we have no difficulty concluding that the opinions, observations, diagnosis, and treatment alternatives outlined by the professionals who

**10.** In her Concurring and Dissenting Opinion, Judge Orie Melvin suggests that Appellant's challenge to the reports under the psychiatrist/patient privilege is waived. The Concurring and Dissenting Opinion first questions whether the issue was properly objected to during the hearing. While Appellant failed to identify any precise statements in the reports he was challenging, Appellant challenged **all** of the reports. The very nature of Appellant's objection is that all of the statements made in the reports, and the reports themselves, should not have been introduced into evidence. Moreover, the fact Appellant did not object during Mr. Loop's testimony is not determinative. It is clear that, immediately thereafter, Appellant challenged the use of the reports, and the trial court specifically stated that the objection was preserved. The Concurring and Dissenting Opinion next questions whether the issue was preserved in the post-sentence motion and Pa.R.A.P.1925(b) statement. To the extent post-sentence motions were required in this case, we conclude that Appellant sufficiently stated the issue presented. Appellant indicated that he was challenging the records used for assessments and diagnostic purposes completed during treatment. This is the essence of the psychiatrist-patient privilege. Thus, it was unnecessary for Appellant to specifically use the phrase "psychiatrist-patient privilege." Moreover, in his Pa.R.A.P.1925(b) statement, Appellant specifically stated he was raising the issues presented in his post-sentence motion. Finally, the Concurring and Dissenting Opinion's contention that Appellant did not state specifically what statements he was challenging in the post-sentence motion and Pa.R.A.P. 1925(b) statement fails for the reason discussed above.

interviewed Appellant during his juvenile detention are not privileged under Section 5944. *Commonwealth v. G.P.*, 765 A.2d 363 (Pa.Super.2000) (holding that opinions formulated by a psychiatrist based on observations are not privileged); *Id.* However, we must proceed to determine whether the disclosures made by Appellant to psychiatrists during his juvenile detention are privileged. In doing so, it is necessary to determine to what extent the disclosures were made during the treatment process. *Id.*

¶ 16 We conclude that the record is insufficient to determine whether the evaluations and summaries were completed during treatment. Although Appellant challenged the use of the records at the Registration of Sexual Offenders hearing, in his post-sentence motion, and in his court-ordered Pa.R.A.P.1925(b) statement, there is insufficient evidence as to why the evaluations and summaries occurred. Were they completed for treatment purposes or solely for juvenile placement purposes? If the evaluations and summaries were not completed for treatment purposes, then Appellant's disclosures made therein would not be privileged under the psychiatrist/patient privilege. *Id.* However, if the evaluations occurred during Appellant's rehabilitative treatment, and Appellant was not informed of his rights against self-incrimination and was not represented by counsel, then the disclosures were not properly available for consideration by the trial court in determining whether Appellant is a sexually violent predator.[11] *Id.*

¶ 17 In light of the foregoing, we remand so that the trial court may hold a hearing to determine whether the challenged psychiatric evaluations and summaries were conducted for treatment purposes, and, if so, whether Appellant was advised of his rights against self-incrimination and if counsel was present. The trial court shall hold such a hearing within twenty (20) days of the filing of this decision. Upon completion of the hearing, the trial court shall, within twenty (20) days, file an opinion and transmit the hearing notes of testimony to us. The parties shall then have thirty (30) days from the entry of the opinion to file supplemental briefs if they so desire.

¶ 18 Remanded; Jurisdiction retained.

¶ 19 ORIE MELVIN, J. files a concurring and dissenting opinion.

ORIE MELVIN, J., Concurring and Dissenting.

¶ 1 I agree wholeheartedly with the majority's finding that the Juvenile Act, 42 Pa.C.S.A. §§ 6301–6365, was not violated by disclosure of records gathered during Appellant's juvenile detention. I agree that these records were properly admitted in assessing whether Appellant is a "sexually violent predator." However, as to the issue of whether the psychiatrist/patient privilege, 42 Pa.C.S.A. § 5944, is violated by disclosure of such information, I disagree with the majority's finding that a remand is necessary in this particular case. Accordingly, I must dissent in that respect.

¶ 2 As noted by the majority in its recitation of the facts, the defense was supplied with all of the documents relied on by

---

11. We note that Appellant did not attempt to put his sanity at issue during the Registration of Sexual Offenders Act hearing and did not attempt to introduce his own psychiatric evidence. *See Commonwealth v. Sartin,* 561 Pa. 522, 751 A.2d 1140 (2000) (holding that where defendant announced intent to introduce psychiatric testimony at sentencing hearing the Commonwealth was permitted to use statements made during court-ordered psychiatric evaluation).

the Board in making its assessment prior to the hearing in response to Appellant's motion to compel disclosure of documents. In fact, the Commonwealth submitted a list of 35 documents that had been available to the investigator. The list included such documents as court orders, police criminal complaints, York County Children and Youth case notes and psychiatric evaluations of Appellant on various dates. Appellant appeared at the hearing with counsel, and counsel had an opportunity to investigate the sources of the reports, cross-examine the Commonwealth's witness and call any defense witnesses it deemed helpful. However, the only witness that testified was Gregory A. Loop, a member of the Assessment Board. Mr. Loop testified as to his opinion, and his written evaluation was admitted into evidence.

¶ 3 Appellant makes the bald allegation in his post-sentence motion that the sentencing court erred in permitting Mr. Loop to rely on psychiatric examinations completed while Appellant was involved with the juvenile justice system and on evaluations which were completed for treatment purposes. Yet, the defense fails to identify for us or elaborate on what those statements were or under exactly what circumstances they were taken. I agree with the majority that the opinions, observations, diagnosis, and treatment alternatives outlined by the professionals who interviewed Appellant during his juvenile detention are not privileged under Section 5944. However, I disagree that it is this Court's duty to determine whether any of the disclosures made by Appellant to psychiatrists during his juvenile detention are privileged without the Appellant first defining exactly which communications, and to exactly who and when, must be reviewed.

¶ 4 Troublesome to the majority are the references made in discharge summaries in which Appellant admitted that he had sexually molested nearly thirty children, ranging from ages three to ten, and that he threatened his victims and physically abused them on occasion. Upon careful review of the record, it appears that defense counsel made no objections whatsoever during Mr. Loop's testimony to what he now argues is objectionable as violating the psychiatrist/patient privilege. Although the trial court declared that Appellant's objection to the assembly of the information was preserved, Appellant never developed this argument before the trial court. In fact, Appellant's 1925(b) statement never mentions the psychiatrist/patient privilege. Moreover, I fail to see where in the record Appellant laid a proper foundation for such an objection to confidential communications, when he never specified exactly what privileged information was objectionable. Had defense counsel done his job in identifying what communications were privileged, there would be no reason for a remand. While I recognize that the burden of proof remains with the Commonwealth, Appellant must still specifically object to any evidence he believes is inadmissible and present the trial court with his developed arguments. Because the defense failed to do this, I would find his complaints on appeal concerning the admission of this evidence are waived. I must, therefore, respectfully dissent from the majority's decision to remand.