**In re D.M.W., a Minor.**

**Appeal of D.M.W., a Minor.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 2013.

Filed Feb. 14, 2014.

Roarke T. Aston, Public Defender, Reading, for appellant.

Christine M. Sadler, Berks County, Solicitor's Office, Reading, for Berks County, appellee.

BEFORE: PANELLA, J., MUNDY, J., and PLATT, J.*

OPINION BY PANELLA, J.

Appellant, D.M.W., appeals from the order that involuntarily committed him to a sexual responsibility treatment program for a period of one year, pursuant to 42 Pa. Cons.Stat.Ann. § 6403(d). In his appeal, D.M.W. asserts, *inter alia,* that Act 21, 42 Pa. Cons.Stat.Ann. §§ 6401–6409, violates the guarantees of due process and equal protection in the Constitution of the United States, as well as the Constitution of the Commonwealth of Pennsylvania.[1] After careful consideration, we conclude that D.M.W. has not met his burden of establishing these violations, and therefore affirm the order.

On March 17, 2009, D.M.W. was adjudicated delinquent after he admitted to committing the offenses of Involuntary Deviate Sexual Intercourse, Aggravated Indecent Assault, Indecent Assault and Indecent Exposure against four victims, three of whom were under the age of thirteen. D.M.W. was thereafter placed in foster care. In May 2010, D.M.W. was removed from the foster program for failing to ad-

---

* Retired Senior Judge assigned to the Superior Court.

1. We have reviewed the remaining issues in light of the facts in the record and the applicable law and find them to be without merit and not warranting discussion in a written decision.

just and placed in Northwestern Academy for evaluation and treatment. While at Northwestern, D.M.W. initially showed progress, but was eventually found to have engaged in inappropriate sexual behavior with several peers.

On December 5, 2011, upon request of the Juvenile Probation Office (JPO), the lower court directed a review of D.M.W.'s file by the state Sexual Offender's Assessment Board (SOAB) pursuant to 42 Pa. Cons.Stat.Ann. § 6358. On June 8, 2012, after a hearing, the court found *prima facie* evidence that D.M.W. was in need of involuntary treatment.

On July 6, 2012, the Commonwealth filed a Petition for Involuntary Treatment Pursuant to 42 Pa. Cons.Stat.Ann. Chapter 64 ("Act 21") and a hearing was scheduled for July 31, 2012. Following an Act 21 hearing, the court determined that D.M.W. has a mental abnormality that causes serious difficulty in controlling sexually violent behavior, that makes him likely to engage in acts of sexual violence, and that he meets all criteria necessary for commitment pursuant to 42 Pa.Cons.Stat.Ann. § 6403(d). The court denied D.M.W.'s motion for reconsideration on January 31, 2013. D.M.W. then filed this timely appeal.

D.M.W.'s first constitutional challenge is that Act 21 violates his rights to due process, as it requires him to choose between two possible forms of coercion. D.M.W. contends that he was required to admit to certain damaging information as a condition of his court-ordered placement at Northwestern Academy. As such, D.M.W. argues, he was faced with either violating the conditions of his placement by not cooperating with his therapy, or, in the alternative, complying with his therapy by making inculpatory statements to Commonwealth agents who used his statements against him in the Act 21 proceeding.

We note from the outset that D.M.W. does not, on appeal, predicate his argument on the basis of a violation of a patient/psychotherapist privilege. Rather, the argument is that the use of his inculpatory statements in the Act 21 proceedings was "fundamentally unfair." Appellant's Brief, at 35. As far as we can discern from D.M.W.'s brief, the issue is that certain witnesses at the Act 21 proceedings relied upon his inculpatory statements in forming their expert opinions. However, pursuant to well-established case law, such use of his inculpatory statements is lawful. *See Commonwealth v. Carter*, 821 A.2d 601, 608–609 (Pa.Super.2003) (holding that "opinions, diagnosis and treatment alternatives outlined by professionals who interviewed Appellant during his juvenile detention are not privileged ..."); *Commonwealth v. Moody*, 843 A.2d 402, 406 (Pa.Super.2004) (privilege does not apply to SOAB member, who evaluated appellant for purpose of sexually violent predator determination).

With regard to the "fundamental unfairness" of D.M.W.'s inculpatory statements being used as the basis for professional opinions used in his Act 21 proceeding, we turn to previous case law examining due process challenges to Act 21. This Court has previously observed that Act 21 embodies the Commonwealth's compelling interest in detaining an individual who poses a clear danger to others. *See In re A.C.*, 991 A.2d 884, 896 (Pa.Super.2010). This compelling interest is "paramount to that individual's liberty interest to be free from restraint." *Id.* It necessarily follows that such interest is paramount to the far less onerous "unfairness" complained of here. We therefore conclude that D.M.W.'s due process argument fails.

D.M.W. also argues that Act 21 violates his right to equal protection. However, D.M.W. concedes that this issue was decid-

ed to the contrary in *In re S.A.*, 925 A.2d 838 (Pa.Super.2007), and reiterated in *In re A.C.* D.M.W. merely wishes to "have these holdings reconsidered." Appellant's Brief, at 38. We decline D.M.W.'s invitation to re-address issues thoroughly and correctly addressed in these opinions. As such, we conclude that Act 21 does not violate a juvenile's right to equal protection of the law.

Order affirmed. Jurisdiction relinquished.