J-A17033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL RENFER AND DANA RENFER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| STEVEN PETER KOPENA, | |
| Appellant | No. 3554 EDA 2016 |

Appeal from the Order Entered October 21, 2016
in the Court of Common Pleas of Bucks County
Civil Division at No.: 2015-08506

BEFORE:  GANTMAN, P.J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 27, 2017**

Appellant, Steven Peter Kopena, appeals from the trial court's order granting the motion to compel the deposition of Dr. Joseph Pinciotti, D.O., and the motion for sanctions filed by Appellees, Michael and Dana Renfer. We affirm the portion of the court's order compelling the deposition, and dismiss this appeal as it relates to sanctions, as interlocutory.

We take the relevant facts and procedural history of this case from the trial court's February 14, 2017 opinion and our independent review of the certified record.  This case arises from a February 2, 2015, motor vehicle accident during which Appellant struck Appellees' car from behind, pushing it forward into another vehicle.  Police administered field sobriety tests to

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant at the scene of the accident because of his slightly slurred speech. He was able to perform the tests, and no driving under the influence charges were brought against him.

Appellees filed a complaint on December 11, 2015, and an amended complaint on January 12, 2016, alleging that Mr. Renfer sustained injuries, including lumbar and thoracic strains, due to Appellant's negligence. The amended complaint also sought punitive damages, claiming that Appellant recklessly operated his vehicle at a high speed while under the influence drugs, alcohol, and/or medication. On January 28, 2016, Appellant filed preliminary objections seeking to strike Appellees' request for punitive damages, which the trial court overruled.

In January of 2016, in response to written interrogatories, Appellant averred that he ingested a narcotic prescription medication, Suboxone, within the forty-eight hours preceding the accident, for treatment of his knee pain. In March of 2016, Appellees obtained Appellant's medical records from his treating physician, Dr. Pinciotti, without any objection. However, after Appellees' attempts to set a mutually convenient time and place for Dr. Pinciotti's oral deposition were unsuccessful, they issued a subpoena on July 16, 2016 for him to appear for deposition.

On August 16, 2016, two days before the scheduled deposition, Appellant filed a motion for a protective order, alleging that he had a valid prescription for Suboxone, that he was prescribed the medication to manage chronic knee pain, and that an investigation into his medical history was

unwarranted. On August 18, 2016, Appellant, his counsel, and Dr. Pinciotti failed to attend the deposition.

On August 26, 2016, Appellees filed a motion to compel discovery and for sanctions, requesting that the court issue an order compelling Dr. Pinciotti's deposition, and that it impose appropriate sanctions for the failure to attend it. The court held a hearing on the matter on October 21, 2016, and granted Appellees' motion to compel the deposition. The court denied Appellant's motion for a protective order, and ordered him to pay $3,225.00 in counsel fees and court costs to Appellees. The court further provided: "[Appellees'] [d]iscovery is limited to medical records related only to [Appellant's] use of Suboxone, and Dr. Pinciotti's prescribing [of] that drug." (Order, 10/21/16). Appellant filed a motion for reconsideration on October 28, 2016, which the trial court denied.[1] This timely appeal followed.[2]

Appellant raises the following issues for our review:

A. Did the trial court err in denying [Appellant's] motion for protective order and ordering the deposition of Dr. Joseph Pinciotti?

B. Shall [Appellees] be permitted to use the deposition of Dr. Pinciotti in any further hearings relating to the instant matter?

---

[1] Dr. Pinciotti was deposed on November 7, 2016. (**See** Trial Court Opinion, 2/14/17, at 8; Deposition of Dr. Joseph Pinciotti, 11/07/16).

[2] Appellant filed a court-ordered concise statement of errors complained of on appeal on December 20, 2016. The court entered an opinion on February 14, 2017. **See** Pa.R.A.P. 1925.

C. Shall [Appellees] be permitted to conduct further discovery into [Appellant's] medical history?

D. Did the trial court err in ordering sanctions against [Appellant]?

(Appellant's Brief, at 3) (unnecessary capitalization omitted).[3]

Preliminarily, we must address the propriety of this appeal. As noted, Appellant challenges the trial court's order of Dr. Pinciotti's deposition, and its imposition of sanctions. However, the trial court and Appellees maintain that this is an improper appeal from an interlocutory, non-final discovery order. (**See** Trial Ct. Op., at 5; Appellees' Brief, at 14). We agree with them, in part.

"As a general rule, an appellate court's jurisdiction extends only to review of final orders." **Oliver v. Irvello**, 2017 WL 2544994 at *1 n.1 (Pa. Super. filed June 13, 2017) (citing Pa.R.A.P. 341(a) (". . . an appeal may be taken as of right from any final order of a . . . trial court.")) (case citation omitted). "[I]n general, discovery orders are not final, and are therefore unappealable." **T.M. v. Elwyn, Inc.**, 950 A.2d 1050, 1056 (Pa. Super. 2008) (citation omitted). With respect to sanctions, "[d]iscovery sanction orders are interlocutory and not appealable until final judgment in the underlying action." **Baranowski v. Am. Multi-Cinema**, **Inc.**, 688 A.2d

---

[3] Although Appellant purports to raise four separate issues in the statement of the questions involved section of his brief, he fails to develop them as such in the argument section, in violation of our appellate rules. **See** Pa.R.A.P. 2116(a), 2119(a); (**see also** Appellant's Brief, at 3, 9-18).

207, 208 n.1 (Pa. Super. 1997), *appeal denied*, 704 A.2d 633 (Pa. 1997) (citation omitted). Accordingly, we lack jurisdiction to address Appellant's challenge to the trial court's imposition of sanctions. ***See id.***; ***see also*** Pa.R.A.P 341(a). We therefore dismiss this appeal, in part.

Appellant's remaining claims concern information relating to Dr. Pinciotti, which he argues is subject to privilege. (***See*** Appellant's Brief, at 9-13). With regard to claims of privilege, this Court has stated:

> . . . The courts of Pennsylvania have uniformly held that, if an appellant asserts that the trial court has ordered him to produce materials that are privileged, then Rule 313 applies.[4] . . . When a party is ordered to produce materials **purportedly** subject to a privilege, we have jurisdiction under Pa.R.A.P. 313[.]
>
> . . . [W]hen a trial court refuses to apply a claimed privilege, the decision is appealable as a collateral order. . . .

***Farrell v. Regola***, 150 A.3d 87, 95 (Pa. Super. 2016), *appeal denied*, 2017 WL 1397525 (Pa. filed Apr. 18, 2017) (emphasis in original; case citations

---

[4] Pennsylvania Rule of Appellate Procedure 313 sets forth the requirements for a collateral order and provides:

> **(a) General rule**. An appeal may be taken as of right from a collateral order of an administrative agency or lower court.
>
> **(b) Definition**. A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(a)-(b).

- 5 -

and quotation marks omitted). We therefore conclude that we have limited jurisdiction over this appeal, and will address Appellant's claims only to the extent they concern his assertion of privilege. *See id.*

The crux of Appellant's issue on appeal[5] is that the trial court improperly compelled Dr. Pinciotti's deposition, because information relating to his Suboxone use is subject to the physician-patient privilege. (*See* Appellant's Brief, at 9-10). Appellant contends that the suggestion that he may have been addicted to an opioid tends to blacken his character, and discovery is therefore precluded by statute (42 Pa.C.S.A. § 5929). (*See id.*). This issue does not merit relief.

Our standard of review is as follows. "In reviewing the propriety of a discovery order, we determine whether the trial court committed an abuse of discretion and, to the extent that we are faced with questions of law, our scope of review is plenary." *Kelley v. Pittman*, 150 A.3d 59, 63 (Pa. Super. 2016) (citations omitted). "[T]he interpretation of a statute is a question of law, resulting in a standard of review that is *de novo* and a scope of review that is plenary." *Farrell*, *supra* at 96 (citation omitted).

In Pennsylvania, the physician-patient privilege is codified at Section 5929 of the Judicial Code, which provides:

---

[5] In light of our limited jurisdiction and Appellant's defective brief, we treat his arguments concerning privilege as a single issue. (*See supra*, at 4 n.3).

No physician shall be allowed, in any civil matter, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without consent of said patient, except in civil matters brought by such patient, for damages on account of personal injuries.

42 Pa.C.S.A. § 5929.

Regarding the statute, our case law has drawn a distinction between information learned by a physician through communication to him by a patient and information acquired through examination and observation. The distinction originates in the rationale of the statute which was designed to create a confidential atmosphere in which a patient will feel free to disclose all possible information which may be useful in rendering appropriate treatment. Therefore, the privilege is limited to information which would offend the rationale of the privilege. Hence, a doctor must not expose a patient's communications if doing so would release confidential information which was acquired in attending to and treating the patient and which would blacken the character of the patient. **See** 42 Pa.C.S. § 5929; **see also In Re June 1979 Allegheny County Investigating Grand Jury**, 490 Pa. 143, 415 A.2d 73 at 77 (concluding that the privilege is limited to "information directly related to the patient's communication and thus tending to expose it."); **see generally Commonwealth v. Carter**, 821 A.2d 601, 608 (Pa. Super. 2003) ("The [psychiatrist-patient] privilege is not designed to specifically protect the psychotherapist's own opinion, observations, [or] diagnosis.")

**Grimminger v. Maitra**, 887 A.2d 276, 279–80 (Pa. Super. 2005), *appeal denied*, 906 A.2d 1197 (Pa. 2006) (most case citations and quotation marks omitted); **see also Jones v. Faust**, 852 A.2d 1201, 1205 (Pa. Super. 2004) ("[T]he privilege is limited to information which would offend the rationale of the privilege, *i.e.*, information directly relating to the patient's communication and thus tending to expose it.") (citation omitted).

Pennsylvania courts have generally "read the phrase 'tend to blacken the character of the patient' narrowly." *Miller Oral Surgery, Inc. v. Dinello*, 611 A.2d 232, 236 (Pa. Super. 1992), *appeal denied*, 624 A.2d 111 (Pa. 1993) (citation omitted); *see also Grimminger*, *supra* at 280 ("Blackening of the character results from testimony concerning a loathsome disease.") (citation omitted).

Here, the trial court concluded that the information regarding Appellant's Suboxone use did not qualify as a "communication" that tended to "blacken[] the character" of Appellant, and therefore was not privileged. (Trial Ct. Op., at 5). Upon review, we agree.

Specifically, the record reflects that Appellant had a valid prescription for Suboxone from Dr. Pinciotti for the treatment of chronic knee pain, and that he ingested the prescribed dosage in the hours before the accident. (*See* Kopena Exhibit 1; *see also* Deposition of Dr. Pinciotti, at 28, 30; Appellant's Motion for Protective Order, 8/16/16, at unnumbered page 2). The trial court carefully limited the scope of medical discovery to Appellant's use of Suboxone, and Dr. Pinciotti's prescribing of that drug, to avoid an assertion of privilege. (*See* Order, 10/21/16; Trial Ct. Op., at 5). Thus, the information at issue does not appear to tarnish Appellant's character or involve the disclosure of patient communication at all. *See Grimminger*, *supra* at 279-80. Because we discern no abuse of discretion or error of law with respect to the trial court's decision regarding Appellant's claim of privilege, we affirm the relevant portion of its order.

Order affirmed in part. Appeal dismissed in part.

*Judgment Entered.*

_____

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *9/27/2017*