## JUVENILE COURT PROCEDURAL RULES COMMITTEE
## FINAL REPORT[1]

## Amendment of Pa.R.J.C.P. 161

On March 15, 2019, the Supreme Court amended Rule of Juvenile Court Procedure 161 to clarify that "juvenile probation files" used in paragraph (A) includes records existing in both paper and digital form; and (2) distinguish between "juvenile probation files" and other information maintained by the juvenile probation office.

Rule 161(A) provides access to juvenile probation files for an identified class of people (*e.g.*, juvenile's attorney, attorney for the Commonwealth). Rule 161(B) states that records maintained electronically by juvenile probation offices are only accessible by court order. The Juvenile Court Procedural Rules Committee received feedback that Rule 161(B) was being interpreted to require a court order for access to digital forms of juvenile probation files being "maintained electronically" by the juvenile probation office.

Rule 161(B) was intended to limit access to non-file information on the Juvenile Case Management System (JCMS), not to "juvenile probation files," as defined by Rule 120. The JCMS is a software application used by juvenile probation offices for case management purposes. If a record exists on JCMS and that record is part of a juvenile probation file, see Pa.R.J.C.P. 120, then that record is accessible pursuant to paragraph (A). If there is information on JCMS that is not part of the juvenile probation file, then a court order is required pursuant to paragraph (B) to access that information.

To clarify, "file" is used in Rule 161 to refer to the "juvenile probation file" and "information" to refer to all other information maintained by the juvenile probation office not part of the "juvenile probation file." Further, the Comment has been revised to instruct that paragraph (A) is intended to apply regardless of the form of the file.

The Committee received a comment seeking further clarification about the interpretation and application of Rule 161. Two of the areas of inquiry resulted in further revisions. First, a citation to *Commonwealth v. Carter*, 821 A.2d 601 (Pa. Super. 2003) was added to the Comment to signal that juvenile probation files containing a juvenile's disclosures for the purpose of treatment should be reviewed for potentially privileged communications prior to dissemination. Second, Rule 161(A)(1) was revised to clarify that the juvenile and the juvenile's attorney in the instant proceeding were permitted to copy and inspect a juvenile probation file without first obtaining an order of court.

---

[1] The Committee's Final Report should not be confused with the official Committee Comments to the rules. Also note that the Supreme Court does not adopt the Committee's Comments or the contents of the Committee's explanatory Final Reports.

The amendments will become effective July 1, 2019.